*JOHNSON, Adm'r, v.* FILTSCH, *et al.*

No. 2810. Opinion Filed May 20, 1913.

1. JUDGMENT—Equitable Relief—Fraud. Equity has jurisdiction to vacate and set aside judgments and orders of the county court in probate cases, when such judgments and orders were obtained by fraud.

2. EXECUTOR AND ADMINISTRATOR—Final Settlement—"Collateral Attack"—"Direct Attack." A suit brought for the purpose of vacating and setting aside an order of the county court approving the final settlement of an administrator is a "direct" and not a "collateral" attack upon such order although, in addition to seeking to have the order vacated, the plaintiff seeks other relief in the same suit.

3. APPEAL AND ERROR—Necessary Parties—Judgment. Where the evidence showed that a bank, not a party to the action, held a note executed by plaintiffs, it was error to render a judgment

requiring defendant to surrender the note for cancellation, although he was the president and managing officer of the bank.

(Syllabus by Rosser, C.)

*Error from District Court, Lincoln County;*
*A. H. Huston, Judge.*

Action by Theresa Filtsch and others against H. M. Johnson, Administrator of the estate of C. A. Filtsch, deceased. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*Malcolm D. Owen* and *Harry W. Harris,* for plaintiff in error.

*Burford & Burford,* for defendants in error.

Opinion by ROSSER, C.   The petition in this case alleged, in substance, that the defendant was appointed administrator of the estate of C. A. Filtsch, deceased; that the plaintiffs were the sole heirs of said Filtsch, deceased; that the deceased was the owner of ten shares of stock in the First National Bank of Chandler, and that upon the defendant's representation that he was entitled to more than the value of the stock for his services as administrator, they agreed to and did assign him said shares of stock as full compensation for his services as such administrator; that said assignment was reported to the county court and approved by it; that prior to said assignment a dividend of $150 had been declared on said stock, and was the property of the estate; that the plaintiffs were ignorant of the fact that it had been declared; that defendant was the president of said bank and knew of the existence of said dividend; that the defendant failed to account for said dividend in his report to the court, but appropriated it to his own use; that the defendant refused to settle the estate and be discharged unless plaintiffs would pay him $500 in addition to the stock which had been assigned; that he represented to them that if they did not agree upon a settlement out of court defendant would be allowed a much greater compensation by the court; that they relied on his

advice and entered into the agreement, and executed, to the First National Bank of Chandler, a note for $500 for the benefit of the defendant, which note was still in the possession of the said bank; that they had, a short time before filing the petition, learned the facts and the manner in which they had been defrauded. The petition prayed for judgment for $150, and that the defendant be required to deliver up the $500 note to be cancelled.

The defendant contends that the plaintiffs in this case cannot recover because they can only obtain relief in the county court. He contends that the judgment of the probate court is conclusive against a collateral attack, and that this suit is a collateral attack upon the judgment of the probate court discharging the defendant as administrator. The petition alleges fraud. The jurisdiction of a court of equity to vacate or annul a judgment, decree, or order obtained by fraud is well settled, and is one of the oldest branches of equity. In the case of *Brown v. Trent,* 36 Okla. —, 128 Pac. 895, the question of when a court of equity will take jurisdiction to vacate a judgment obtained by fraud was considered, and it was there held that the jurisdiction of a court of equity in such cases was ample and full, regardless of other remedies the parties may have. Neither was the proceeding here a collateral attack upon the judgment of the county court. It was a "direct attack." The fact that other relief was sought in the same action does not affect the question. Vacating the order was within the issues and not collateral thereto. While there are cases opposing this view, this question was considered in *Brown v. Trent, supra,* in a proceeding similar to this, and it was held to be a direct attack. It is not necessary to go over the ground so lately covered in that case. The petition states a cause of action.

The court entered a judgment requiring the defendant to surrender a $500 note held by the First National Bank of Chandler, and it was further adjudged and decreed that the note be cancelled and held for naught. The First National Bank of Chandler was not a party to the proceeding. The evidence

shows that the note was executed to that bank and was held by it at the time of the trial. It was not within the power of the court to render a judgment requiring the administrator to take property out of the possession of the bank and deliver it to the court without notice to the bank, and without an opportunity for it to make defence. The fact that Johnson was president of the bank cannot change the rule, however strong the evidence may be that the note was obtained by fraud, and that the bank had notice thereof by reason of Johnson's connection with the bank. It will not do to enter a judgment, which, in effect, would be to deprive the bank of its property without giving it an opportunity to be heard. The question involved is similar to the question involved in *Ex parte Deickman,* 33 Okla. 749, 127 Pac. 1077. It was there held that a decree requiring Deickman to procure a conveyance from Lakin was incapable of enforcement.

On account of this error the judgment must be reversed and remanded.

By the Court: It is so ordered.