## LEONARD v. CHILDERS.

No. 8424—Opinion Filed Oct. 9, 1917.

Rehearing Denied Jan. 29, 1918.

(170 Pac. 247.)

(Syllabus.)

1. **Indians — Appointment of Guardian — Jurisdiction of County Court.**

Where the United States Court in the Indian Territory at Sapulpa appointed one B. as curator of the estate of a minor who was at the time a citizen and resident of the Osage Nation, and where said proceeding was transferred to the county court of Creek county, Okla., upon the admission of the state, in which last-named court said curator filed his final report, praying that he be discharged on the ground that said minor was in the custody of the Superintendent of the United States Agency for the Osage Indians, which report was approved, and said curator discharged and the funds in his hands turned over to said superintendent, said curatorship proceedings were finally closed, and the county court of Creek county was thereafter without jurisdiction to appoint a guardian of the person and estate of said minor, who was at the time of the attempted appointment a resident of Osage county.

2. **Indians —Guardianship of Minor—Findings — Conclusions of Law.**

Record examined, and held that the findings of fact are sustained by the evidence, and the conclusions of law made by the trial court are correct, and that the judgment appealed from should be affirmed.

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action for injunction by Nola Childers, a minor, by Lee Clinton and Daniel B. Horsley, her guardians, against O. H. Leonard. Judgment for plaintiff, and defendant brings error. Affirmed.

L. J. Martin and King & King, for plaintiff in error.

Woodson E. Norvell, Daniel B. Horsley, and L. M. Poe, for defendant in error.

HARDY, J. This action was commenced in the district court of Tulsa county by Nola Childers, a minor, as plaintiff, by her guardians, Lee Clinton and Daniel B. Horsley, against O. H. Leonard, defendant, seeking to enjoin him from interfering with the possession of plaintiff and her said guardians of certain lands described, and to restrain him from acting, or attempting to act, as plaintiff's guardian and to cancel certain orders of the county courts of Tulsa and Creek counties. The case was transferred to the superior court of Tulsa county, where trial resulted in judgment for plaintiff granting the relief prayed, from which defendant prosecutes error.

It is contended that the district court was without jurisdiction of the case, that the order transferring same to the superior court was void, and that said superior court acquired no jurisdiction in the premises. In support of this contention, counsel argue that certain sections of the Constitution and various provisions of the statutes confer exclusive probate jurisdiction upon the county courts of this state, and from this premise they conclude that the district and superior courts were without jurisdiction. The answer to his contention is that this is not a probate proceeding, but is equitable in its nature, and is a proceeding of which the county courts had no jurisdiction. Ozark Co. v. Berryhill, 43 Okla. 523, 143 Pac. 173; Elrod v. Adair, 54 Okla. 207, 153 Pac. 660. The district and superior courts are courts of general jurisdiction, possessing the powers of courts of equity to grant equitable relief in proper cases. Elrod v. Adair, supra; Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Johnson, Adm'r, v. Filtsch et al., 37 Okla. 510, 138 Pac. 165. And if the petition stated facts which would entitle plaintiff to equitable relief, the district court in the first instance had jurisdiction, and when the case was transferred to the superior court that court likewise obtained jurisdiction. The petition alleges that plaintiff is the owner of certain lands situated in Tulsa county; that Lee Clinton and Daniel B. Horsley are guardians of her person and estate by virtue of certain orders of the county court of Osage county; that ever since December 25, 1913, plaintiff was over 14 years of age; that prior to April 25, 1910, the county court of Creek county had wrongfully assumed to appoint a guardian of her person and estate; that on said last-mentioned date a final judgment in prohibition had been entered in the district court of Creek county, perpetually enjoining said Creek county court and the judge thereof from further assuming or further attempting to exercise jurisdiction of the guardianship of her person or estate; that said judgment had never been appealed from, vacated, or modified, and is a valid and subsisting judgment; that notwithstanding the existence of said judgment, and notwithstanding the fact that plaintiff was over the age of 14 years, and with full knowledge by defendant that the county court of Osage county had and was exercising jurisdiction of the estate of plaintiff, and had long prior thereto appointed a guardian thereof, said defendant, on March 27, 1914, wrongfully and fraudulently procured the county judge of Creek county, in violation of said judgment in prohibition, to appoint said defendant guardian of plaintiff, and falsely and fraudulently represented and caused said court to find that plaintiff was 13 years of age; that said order was wrongfully and fraudulently procured; was made without notice to plaintiff or any of her next of kin, and that said defendant is a stranger to plaintiff; and that she does not desire him to act as her guardian or to represent her in any way. It is further alleged that after his appointment was procured said defendant falsely and fraudulently represented to the county judge of Creek county that plaintiff was a resident of Tulsa county, when in truth and in fact plaintiff was not and never had been a resident of such county, and that upon such representations he procured an order in violation of said judgment in prohibition, transferring said guardianship proceedings to the county court of Tulsa county; that said orders and each of them and all proceedings had in said matter in the county court of Creek county subsequent to April 25, 1910, were unwarranted and void and that said defendant is wrongfully attempting to exercise the powers of a guardian under the appointment so falsely and fraudulently procured; that he has attempted to interfere with her lawful guardians in the possession of her lands, situated in Tulsa county which are described in said petition, and has offered to rent parts thereof to various persons, and has filed a petition in the county court of Tulsa county, asking authority to sell and convey a part of said lands; that he has held himself out as plaintiff's guardian, and is now claiming to be such; that his acts as such seriously interfere with the administration of plaintiff's estate by her lawful guardians, and makes it impossible for them to proceed therewith and realize the necessary funds to protect plaintiff from a forced sale of her lands for

delinquent taxes in the sum of several thousand dollars due to the state and its various subdivisions, which taxes are long past due, and which lands, or a part thereof, are imminently liable to be sold to pay said taxes; that if defendant is allowed to sell the land of plaintiff or lease the same to many different persons, as he is assuming to do, and plaintiff's lands are sold to satisfy the taxes thereon aforesaid, and if defendant is permitted to secure an order of sale from the Tulsa county court, plaintiff will be forced to bring a large number of suits to protect her title in said lands; that plaintiff has already established her title to said lands in a certain proceeding determined in the district court of Tulsa county, wherein one Ed. C. Reynolds, claiming to be the guardian of plaintiff under appointment of Creek county court, of whom defendant claims to be the successor, filed his written motion, asking said court to substitute him as legal guardian of said plaintiff to prosecute said case, whereupon plaintiff's guardians filed in said case a written motion to strike the motion of said Reynolds, which upon consideration was sustained, and the court found that said Reynolds was acting without authority of law and was not the guardian of plaintiff; that plaintiff has not a plain, speedy, and adequate remedy at law, and, if the acts of defendant are permitted to continue, will cause plaintiff irreparable injury and damages; that a transcript of the proceedings had in Creek county court have been filed in the county court of Tulsa county, and the pending application of said Leonard for an order of sale and the other proceedings in said matter constitute and will hereafter constitute a cloud upon plaintiff's title to the land above described, and will greatly lessen the market value thereof. Plaintiff prays that all orders of the county court of Creek county made subsequent to April 25, 1910, and particularly the orders purporting to appoint plaintiff as her guardian and to transfer said proceedings to Tulsa county, and all other orders and proceedings had in Tulsa county, be canceled, set aside, and held for naught, and defendant be perpetually restrained and enjoined from interfering with the possession of plaintiff and her duly appointed guardians of said lands, or any other property of her said estate, and from assuming or claiming to be guardian of plaintiff or to act as such, or to attempt to sell, lease, or otherwise attempt to dispose of the property of said estate, or claiming any profits or moneys derived from such source.

It will be seen that the petition alleges that defendant is attempting to exercise authority as guardian over her person and estate under orders that are void, and that were procured by fraud, and that he is interfering with her lawful guardians in the possession of her lands, and has offered to rent the same to various persons, and is attempting to sell a part thereof; that his acts prevent her lawful guardians from administering her estate, and there is imminent liability of her lands being sold for delinquent taxes, and that if defendant is not restrained, she will be forced to bring a large number of suits to protect her interest, and that the proceedings under which he acts and his conduct thereunder constitute a cloud upon her title. These allegations clearly show that plaintiff's remedy at law is wholly inadequate, and that defendant, in violation of a judgment awarding a writ of prohibition which had become final, procured the transfer of the proceedings from Creek county court to the county court of Tulsa county, outside the jurisdiction of the district court, awarding the writ of prohibition, and without notice to plaintiff or an opportunity to prosecute an appeal. By sustaining the bill at the trial she has avoided a multiplicity of suits, and by securing an injunction has restrained defendant from interfering with the acts of her lawful guardians.

It is one of the well-known grounds of equity jurisdiction that, where legal remedies are, under the circumstances, inadequate to do complete justice by reason of the imperfection of the judicial methods adopted by the law courts, courts of equity have the power to interfere and to award in pursuance of their own judicial methods remedies of the same general kind as those granted by the courts of law to the same litigant parties, under the same circumstances. 1 Pomeroy's Equity Jurisprudence (3d Ed.) § 217 et seq. And to exclude the equitable jurisdiction of the court the remedy at law must be as practical and as efficient to the ends of justice in its firm administration as the remedy at law. Tyler v. Savage, 143 U. S. 79, 12 Sup. Ct. 340, 36 L. Ed. 82. And equity will also take jurisdiction to avoid a multiplicity of suits. Minnetonka Oil Co. v. Cleveland Vit. Brick Co., 27 Okla. 180, 111 Pac. 326.

In the case at bar the county court has exclusive original jurisdiction of the guardianship over the person and estate of Nola Childers, but one of the questions involved is, In what county lies that jurisdiction? Is it in Osage, Creek, or Tulsa or some other county? The jurisdiction of the county

court was wholly inadequate to afford plaintiff the relief which she seeks, and which if the allegations of her petition be true, she is clearly entitled to. The county court of Osage county cannot cancel orders and judgments of Creek county, however fraudulently and falsely obtained, nor can it enforce any orders which would prevent the exercise of authority by the guardian claiming under an appointment in Creek or Tulsa county. Jurisdiction of this character is fixed in the district and superior courts, which are courts of general jurisdiction possessing the inherent powers of equity, and as such have jurisdiction to relieve against the orders and judgments of a county court, where such orders and judgments are procured by fraud. Brown v. Trent, supra; Johnson v. Filtsch, supra; Elrod v. Adair, supra.

The court found that ever since the 21st of April, 1914, and May 11, 1914, Lee Clinton and Daniel B. Horsley have respectively been the duly, regularly appointed guardians of the person and estate of plaintiff by virtue of orders of the county court of Osage county, and that defendant, O. H. Leonard, was not and never had been guardian of the person or estate of plaintiff; that plaintiff was enrolled as a member of the Osage Tribe of Indians, and was a resident of the Osage Nation; that she never had been a resident of the Creek Nation nor a resident of Creek county or Tulsa county, and had always been a resident of and domiciled within the present limits of Osage county; that she was born December 25, 1899, and that at her written request, together with the written request of her next of kin and the United States Superintendent of the United States agency, said Clinton and Horsley had been appointed her guardians after notice required by law, and the court further found that one Joe Bruner, on October 1, 1902, was, by the United States Court for the Western District of Indian Territory at Sapulpa, appointed curator of certain lands of plaintiff situated in Indian Territory; that said Bruner administered his trust until June 8, 1909, when he was discharged upon resignation by the county court of Creek county, to which court said proceedings had been transferred by operation of law; that the county court of Osage county, on June 25, 1908, and December 2, 1909, duly and regularly appointed Ret Millard as guardian of the person and estate of plaintiff, who acted in that capacity until the appointment of Clinton and Horsley on the 2d day of December, 1909, and that prior thereto the county court of Osage county, by reason of the fact that she was

a resident and inhabitant of said county and that no proceedings were pending elsewhere, had and exercised exclusive jurisdiction of the guardianship of the person and estate of plaintiff; that on February 19, 1910, the county court of Creek county wrongfully assumed to appoint Ed. C. Reynolds as guardian of the person and estate of plaintiff; that thereafter on April 25, 1910, the district court of Creek county on petition of plaintiff entered a judgment the effect of which was to forever prohibit the county court of Creek county from acting in the guardianship of plaintiff or assuming jurisdiction thereof; that said judgment has become final; that on February 7, 1912, the county court of Creek county made an order purporting to appoint H. H. Brenner and M. C. Flournoy as guardians of the person and estate of plaintiff, but that said order was illegal and void because the county court of Osage county at the time had exclusive jurisdiction of the guardianship of plaintiff and because said order was in violation of the judgment of the district court of Creek county, prohibiting further proceedings in said guardianship by said county court; that said Brenner and Flournoy acting under said purported appointment brought an action in prohibition in the district court of Osage county, seeking to prohibit the county court of Osage county from exercising jurisdiction of the guardianship of plaintiff, which proceedings resulted in judgment against said Brenner and Flournoy, from which they prosecuted an appeal to the Supreme Court, which appeal was dismissed, whereupon the judgment of said district court of Osage county, finding the venue of plaintiff's guardianship to be in Osage county became final; that pending the termination of said last-mentioned suit said Brenner and Flournoy filed their resignations as such guardians and on March 27, 1914, the county court of Creek county undertook to appoint O. H. Leonard as guardian of the person and estate of plaintiff; that on said date plaintiff was in fact a resident and inhabitant of Osage county, and over the age of 14 years; that said order made by the county court of Creek county was based upon the allegations that plaintiff was a resident of Tulsa county and only 13 years of age, and was made without notice and in violation of the judgment in prohibition against said court, and was illegal and void; that the county court of Creek county, in violation of the judgment in prohibition, made an order purporting to transfer said proceedings to the county court of Tulsa county which order has been carried into effect by a transfer of the files

of the said Creek county court to the Tulsa county court, but that said transfer and all proceedings therein are void, that defendant, assuming to act as guardian, made application to the county court of Tulsa county for authority to sell and convey a part of the lands of plaintiff, described in her petition.

It is urged that the evidence is insufficient to support these findings of fact, but upon a careful examination thereof we have concluded that said findings of fact are not against the clear weight of the evidence, but, on the contrary, are supported by the great weight and preponderance of the evidence.

The contention that the court erred in delegating to one of counsel for plaintiff authority to make findings of fact and conclusions of law is not borne out by the record. The journal entry recites that the findings of fact were made by the court, and they are filed in the case and signed by the trial judge. The fact that the court made a general finding in addition to the special findings cannot affect the judgment where upon the facts found and the law of the case the judgment is right and there is no error in the record that will warrant the reversal of the judgment. Stephenson v. Boody, 139 Ind. 60, 38 N. E. 331.

It is contended that the dismissal of the appeal in the Supreme Court of the case brought by Brenner and Flournoy against the county judge of Osage county did not have the effect of affirming the judgment of the trial court, and that said judgment is not res adjudicata, and, further, that the order of the district court of Osage county, refusing the writ of prohibition, was not appealable. The record discloses the fact that said Brenner and Flournoy did appeal from said judgment, and that said appeal was thereafter dismissed, and the dismissal thereof had the effect of affirming the judgment from which the appeal had been prosecuted. Peck v. Curlee Clothing Co., 63 Okla. 61, 162 Pac. 735.

Defendant, being the successor in office of Brenner and Flournoy and claiming his authority by reason of being such successor, is bound by the judgment in prohibition against the county court of Creek county, and also by the judgment denying the writ of prohibition rendered by the district court of Osage county. Stacy v. Thrasher, 6 How. 44, 12 L. Ed. 337. In each of these cases the proper venue of the guardianship of Nola Childers, being a matter in issue properly triable therein and adjudicated, is res adjudicata, and binding upon defendant. Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099; Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162.

Plaintiff is not estopped by the orders of the county court of Creek county appointing Leonard as her guardian and transferring the proceedings in the county court of Tulsa county because said orders were made without notice to her and in violation of a judgment in prohibition against the Creek county court, and because the county court of Osage county had previously acquired legal jurisdiction and was engaged in the administration of her guardianship. Under those laws there was no provision for concurrent jurisdiction of county courts in administering the estates of minors, nor any provision for a guardianship of the person in one county and of the estate in another county, but the court having jurisdiction to appoint a guardian of the person was the court having jurisdiction to appoint a guardian of the estate. Section 6522, Rev. Laws 1910. This fact was recognized by Bruner and by the county court of Creek county, for Bruner filed a petition in said court, wherein he alleged that said minor was a resident of Osage county and had property and money in said Nation which was subject to the control and jurisdiction of one Ret Millard, United States Indian agent for the Osage Indians, and that it was not necessary to have more than one guardian or curator to care for the estate of said minor, and filed his final report, and prayed that he be discharged, which report was approved and said Bruner discharged, and the funds in his possession belonging to plaintiff turned over to said Millard. The United States Court at Sapulpa only had jurisdiction to appoint a curator over her property situated in Indian Territory, and at the time of Bruner's resignation no guardian of her person had been appointed anywhere in the state, and when his resignation was accepted and he was discharged, the office of curator no longer existed, and the jurisdiction of the county court of Creek county came to an end. Freeman, Void Jud. Sales, § 7. And said county court was thereafter without jurisdiction to appoint a guardian for the person and estate of said minor. Fisk v. Norvel, 9 Tex. 13, 58 Am. Dec. 128.

It is contended that Ret Millard was incompetent to hold the office of guardian by reason of the fact that he was at the time holding the office of Indian agent, which position was an office of trust and profit under the United States, and that he was therefore ineligible for appointment as guar-

dian of a minor under the laws of this state because the office of guardian is also a public one. If there were any merit in this contention, it cannot be urged now because said Millard was in fact appointed and entered upon the duties of his office and became a de facto guardian and acted as such until Clinton and Horsley were appointed as his successors. The only objection to their competency is that, because Millard was incompetent to serve under his appointment, therefore the appointment of Clinton and Horsley was not authorized. There is no merit in this contention, neither in the contention that the order appointing Clinton as additional guardian to serve with Millard was unauthorized, nor that when Millard resigned the appointment of Horsley to serve with Clinton was illegal. This was expressly authorized by section 6584, Rev. Laws 1910.

The appointment of Millard is not void because the petition therefor contained a recital that the next of kin and persons having the care and custody of Nola Childers were unknown. In the order of appointment it is recited that:

"Notice of this hearing was advertised as required by the laws of this state and the order of the court."

Even where the record is silent upon the point as to whether notice was given, the court will indulge the presumption from the fact of the appointment that evidence was heard and every fact necessary to justify the appointment was found by the county court, and where it does not appear on the face of the record that the minor had relatives living in the county or was in the care of any one, her father and mother being dead, the court will presume that she was at the time in the care of no one, and had no relatives residing in the county, and hence there was none that notice could be given as required. Baker v. Cureton, 49 Okla. 15, 150 Pac. 1092.

It is shown by the evidence in this case that plaintiff had no relatives in Osage county, and that her father and mother and uncle were dead, and that she was in the care and custody of the superintendent of the Indian agency, whose ward she was, and that said superintendent had petitioned the appointment of said Millard as her guardian. This was sufficient.

Nor is the appointment void because the petition therefor failed to allege that plaintiff was a resident of Osage county. Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184; Eaves v. Mullen, 25 Okla. 679, 107

Pac. 433; Scott v. Abraham, 60 Okla. 10, 159 Pac. 270; Rice v. Theimer, 45 Okla. 618, 146 Pac. 702; Johnson v. Johnson, 60 Okla. 206, 159 Pac 1121. The county court of Osage county had the right by nunc pro tunc order made on the 12th of August, 1909, to correct its order made on June 25, 1908, so as to cause said judgment to show that said minor was a resident of Osage county, state of Oklahoma. The county court is a court of general jurisdiction in probate matters, and may at any time, upon proper application and proper showing by appropriate order nunc pro tunc, amend its judgment so as to cause them to recite the truth, and such record when so supplied relates to the time when the proceedings were in fact had, and cures any defect by reason of said omission, and the order so made imports the same verity and proves the contents of the order previously made as conclusively as if the same had been entered of record when originally made. Boynton v. Crockett, 12 Okla. 57, 69 Pac. 869; In re McQuown 19 Okla. 347, 91 Pac. 689, 11 L. R. A. (N. S.) 1136; Woerner, Am. L. Gdnship. 110.

The order of the county court of Osage county, approving the final report of Millard, recites that the resignation of said guardian is accepted, and said guardian discharged upon filing receipt for the amount due, and his bondsmen discharged from further liability; and because his receipt was not filed until May 12, 1914, it is contended that he was not really discharged until that date, and that Horsley could not be appointed to succeed him on the 9th day of May. The order appointing Horsley is dated May 9th, and recites that the resignation of Millard has been accepted, and that it is necessary for some suitable person to be appointed with Lee Clinton, theretofore appointed for said purpose. Upon Millard's resignation being accepted, he was discharged from office, but not from liability to account or liability on his bond. Discharge from office may antedate the settlement of account. Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696.

The court did not err in his conclusion of law that the appointment of Leonard was void. The appointment was made without notice, and he was substituted in the line of succession, of which Bruner was the first and Brenner and Flournoy the last. The county court of Creek county when it discharged Bruner as curator held in effect that the venue of the guardianship of plaintiff was in Osage county. The district court of Creek county in the prohibition suit against the county court of Creek county

held that the jurisdiction was in Osage county. The district court of Tulsa county in striking the motion of Reynolds to be substituted as guardian in the proceeding pending in that court held that the jurisdiction was in Osage county. The district court of Osage county so held. The county court of Osage county, when no proceedings were pending anywhere else, held that it had lawful jurisdiction, and the superior court in the instant case likewise found as a matter of fact that the Creek county court had no jurisdiction to appoint Leonard. Certainly at some point in this protracted effort to secure control of the estate of this minor there should come a time when the judgment of the courts possessing jurisdiction of the parties and subject-matter should have some binding force. It seems that, notwithstanding repeated holdings of the court to the effect that the county court of Creek county had no jurisdiction, and notwithstanding a solemn judgment in prohibition against said court from further assuming to exercise jurisdiction over the person and estate of plaintiff, the proceedings have been transferred to a county outside the jurisdiction of the court awarding the writ of prohibition, where efforts are still being made to exercise that authority which has been so often denied. The rule is well settled that a final judgment of a court of competent jurisdiction is conclusive between the parties and their privies, in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to the issue which could or might have been litigated and determined therein. City of El Reno et al. v. Cleveland Trinidad Paving Co., 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650; Woodworth, County Clerk, v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224; Markham v. Dugger, 34 Okla. 492, 126 Pac. 190; Gosnell v. Prince, 36 Okla. 445, 129 Pac. 27; Engle et al. v. Legg, 39 Okla. 475, 135 Pac. 1058; Pioneer Telephone & Telegraph Co. v. State, 40 Okla. 417, 138 Pac. 1033; Wiley v. Edmondson, 43 Okla. 1, 133 Pac. 38; Alfrey v. Colbert et al., 44 Okla. 246, 144 Pac. 179; Bowen v. Carter et al., 42 Okla. 565, 144 Pac. 170; Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162; Earl v. Earl et al., 48 Okla. 442, 149 Pac. 1179; Corrugated Culvert Co. v. Simpson Township, 51 Okla. 178, 151 Pac. 854; Parks v. Haynes, 52 Okla. 62, 152 Pac. 400; McDuff v. Geiser, 41 Okla. 488, 138 Pac. 1029.

It is claimed that, because plaintiff sought the help of the county court of Tulsa county in an effort to consolidate the pending proceedings as set out in her reply, she is estopped to deny the jurisdiction of the county court of Tulsa county. She did not claim to be a resident of Tulsa county, but merely asked that persons of her own choice be substituted in the place of a stranger. If the Osage county court had jurisdiction, the Tulsa county court did not, and any proceeding or order therein is void, and participation therein would be binding on no one. Jurisdiction had vested in the county court of Osage county, and no estoppel could arise by plaintiff's application to substitute her legal guardians in the county court of Tulsa county, for the latter court had no jurisdiction, and could make no valid order affecting the guardianship of plaintiff's person or property, and no estoppel could arise by reason thereof or be based thereon. Ewing v. Mallison, 65 Kan. 484, 70 Pac. 372, 93 Am. St. Rep. 299.

There is no merit in the remaining assignments that would require a reversal of this case.

The judgment is affirmed.