## McClure *versus* Commonwealth.

80  167
164  443
80       167
31 SC  600

1. A guardian was appointed by a court not having the special jurisdiction, and in good faith money of his ward was received by him; he settled his account in the proper court. *Held,* that he was estopped from denying his liability in an action by a subsequent guardian to recover the money.

2. Both he and his surety were bound by his official bond; the guardian having no defence in equity, his surety could have none.

3. The jurisdiction to appoint guardians in the special case being limited to the Orphans' Court of the minor's residence, the appointment by the court of another county would be reversed, but the general jurisdiction over the appointment being vested in every Orphans' Court, that which is done under an appointment by a court not having jurisdiction in the particular case is not necessarily void.

October 13th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the District Court of *Allegheny county:* Of October and November Term 1874, No. 145.

This was an action of debt, brought to April Term 1873, of the court below, by the Commonwealth of Pennsylvania, with the suggestion of Abram J. Fulkman, guardian, &c., of Wilson S. Fulkman and others, minors, &c., as plaintiffs, against Abdiel S. McClure impleaded with Frank Duff.

The suit was founded on an official bond dated January 27th 1866, by Frank Duff, guardian of the above-named minors, with McClure as his surety.

The declaration was in the usual form, the breaches being that he had refused to pay over the money of his wards.

The pleas were that Duff had not been duly appointed guardian, the Orphans' Court of Allegheny county which appointed him, not having jurisdiction, as the children were residents of Crawford

[McClure *v.* Commonwealth.]

county, and that the bond was void by reason of the Orphans' Court having no authority to take it.

A case stated was afterwards filed, which set out the following facts :—

Mary M. Hood, owning real estate in Allegheny county, by her will gave legacies to the minors, to be paid from the real estate which she ordered to be sold, but named no person to make the sale ; Abram S. Fulkman, the executor, desiring to make a private sale, under the Act of April 18th 1853 (Price Act), applied to the Orphans' Court of Allegheny to appoint a guardian for the minors.

The petition for the appointment of a guardian was by " Abram S. Fulkman of Crawford county," and set out that the minors were his children under the age of fourteen years. Duff was appointed guardian on the 27th of January 1866, the children then residing in Crawford county.

On the same day he entered into the bond in suit with McClure as his surety, in the penalty of $3000, conditioned for the performance of his trust, &c. ; on the same day the bond was approved by the Orphans' Court of Allegheny county ; on the same day Fulkman, and Duff as guardian, petitioned the Orphans' Court of Allegheny county for leave to make a private sale of the real estate of the testatrix ; a private sale was decreed ; it was made and approved by the Orphans' Court of Allegheny county, and Duff received from the executor $1084.81, as the interest of his wards ; the guardian, on the 17th of February 1866, settled an account by which there appeared to be in his hands a balance of $1016.82. The minors were never residents of Allegheny county. On the 21st of March 1871 the Orphans' Court of Butler county—the minors then living in that county—appointed Abram S. Fulkman guardian of the minors, and on the 14th of March 1873, the Orphans' Court of Allegheny county removed Duff from his trust as guardian and ordered him to pay to Fulkman $1049.72, the balance in his hands as guardian ; Duff had previously become insolvent and absconded, and the money was not paid over.

" If under the foregoing state of facts the court is of opinion that the plaintiff is entitled to recover, then judgment to be entered in favor of the plaintiff, and against Abdiel McClure, defendant, for the sum of $1049.82, with interest from March 14th 1873, with costs of suit ; otherwise judgment to be entered in favor of defendant for costs."

" April 18th 1874, judgment was entered on the case stated against the defendant, Abdiel McClure, as follows : For the Commonwealth in the sum of $3000, the amount of the obligation or bond sued on ; and for the plaintiff, Abram S. Fulkman, guardian of Wilson, William and George M. Fulkman, in the sum of

[McClure v. Commonwealth.]

$1049.82, with interest from March 14th 1873, the amount of damages assessed and for cost of suit."

The defendant took a writ of error, and assigned for error, the entering judgment for the plaintiff on the case stated.

*C. Hasbrouck*, for plaintiff in error.—The Orphans' Court of Allegheny had no jurisdiction to appoint a guardian for these minors; therefore the bond and its approval were void and no recovery could be had upon it: Robinson *v.* Zollinger, 9 Watts 169.

*J. Bredin*, for defendant in error.—Even if Duff's appointment was invalid, inasmuch as he received money under it, both he and his surety are estopped from setting that up as a defence : Egbert *v.* Darr, 3 W. & S. 517 ; Foster *v.* Commonwealth, 11 Casey 150 ; Zeigler *v.* Sprenkle, 7 W. & S. 175; Franklin *v.* Hammond, 9 Wright 507 ; Herman on Estoppel 32, 110, 113, 155, 272.

Judgment was entered in the Supreme Court, October 26th 1874,

PER CURIAM.—While it is true that the jurisdiction of the Orphans' Court in the appointment of a guardian in the special case, is limited to the Orphans' Court of the county in which the minor resides, and the appointment of the Orphans' Court of *another* county, may be reversed and set aside, the general jurisdiction over the appointment of guardians is vested in every Orphans' Court. In such case it would be going too far to hold everything done under an appointment, by a court not having the special jurisdiction in the particular case, to be entirely void. Hence, where, as in this case, the guardian erroneously appointed, has acted in good faith received the money of his ward, and settled his account before the proper court, and thus has recognised his liability, he is clearly estopped from denying his liability for the money, in an action for its recovery, by a subsequent guardian duly appointed in his place after his removal from his guardianship. His bond in such case is clearly sufficient to bind him. His surety in the bond is also estopped, because his bond is not so wholly void, that it would not be supported at common law. He cannot avoid it by the mere plea of *non est factum*, for its execution is not denied. He can show its invalidity only by unravelling the proceeding and going back to the beginning, to rely on the want of jurisdiction of the court in making the appointment. But it is just at this point he is met by the fact that his bond being good in form and substance, he must share the fate of his principal on the footing of estoppel. He engaged for his principal, by the terms of his bond, and his principal having no defence in equity, he can have none. We are therefore of opinion both principal and surety are estopped in such a case as this, from denying the validity of the bond on the ground of a want of special jurisdiction to make the appointment.                Judgment affirmed.