ANDERSON v. ANDERSON, *et al.*

No. 4006.   Opinion Filed February 23, 1915.

(146 Pac. 709.)

1.   **GUARDIAN AND WARD—Sale of Land—Action on Guardian's Bond—Defense.** In suit by a guardian on a bond executed by his predecessor in office and a surety, pursuant to Rev. Laws

1910, section 6564, it is no defense thereto that the land sold and its proceeds which the guardian, on settlement with the county court, had been ordered to turn over to plaintiff were the property of the defendant guardian.

2.   GUARDIAN AND WARD—Guardian's Bond—Action on Bond—Estoppel. Where a gurdian executed the bond required by Rev. Laws, 1910, section 6564, and received the proceeds of the sale of land for his ward, and fails to turn over the same to his successor in office after settlement with the county court, and after he is ordered so to do by the court, he is estopped, in a suit on the bond against himself and his surety, to say that the court had no jurisdiction over the property, and to repudiate the trust and set up title thereto in himself. His surety is also estopped to set up title thereto in the guardian.

Brown, J., dissenting.

*Error from District Court, Atoka County;*

*A. T. West, Special Judge.*

Action by Joe Anderson and another, by their guardian, Rosie Anderson, against Robert Anderson and others. Judgment for defendants, and plaintiffs bring error. Reversed, with directions.

*W. S. Farmer,* for plaintiffs in error.

*J. H. Gernert,* for defendants in error.

TURNER, J.   On August 30, 1909, Joe Anderson and Josie Anderson, minors, by their guardian, Rosie Anderson, in the district court of Atoka county, sued Robert Anderson as principal and Harrison Woods and three others as sureties on a certain guardian's bond for $3,000, filed as an exhibit to their petition, and Robert Anderson as principal and the United States Fidelity & Guaranty Company as surety on an additional guardian's bond for $600, executed in the same guardianship proceedings, required to be given by the county court of that county prior to the sale of certain land, the property of the minors, pursuant to Rev. Laws 1910, sec. 6564, and also filed as an exhibit to the petition. As a breach of the first bond it was alleged that on the settlement

of Robert Anderson, as guardian of the estate of the minors, in the county court of Atoka county, he was found to be due them $678.51, which was ordered by the court paid over to his successor in office, said Rosie Anderson, their present guardian, within 90 days thereafter, which he has failed to do. As a breach of the second bond it was alleged that Robert Anderson, as their guardian, by order of said county court, had sold certain land, the property of said minors, for which he received $436.17, which on said settlement he had been ordered by the court to pay within a certain time to said Rosie Anderson, his successor in office as guardian aforesaid, and which he had failed to do. Wherefore they prayed judgment for $678.51 against the principal and sureties on the first bond and $436.17 against the principal and surety on the second bond. No complaint is made as to a misjoinder of causes of action. Neither principal nor sureties on the first bond answered, but made default. For joint answer to the suit on the second bond Robert Anderson and the surety company, after a general denial, admitted the execution of the second bond, but denied, a breach thereof, or any liability thereon, by reason of the sale of the land and a failure to account for its proceeds because, they say, the land at the time it was sold was the property of said Robert Anderson. This for the reason, they say, that the same was a portion of the allotment of Alfred Anderson, a minor son of Robert Anderson and a brother of the plaintiffs Joe and Josie Anderson, who after taking his allotment died intestate and without issue. They further alleged that said minor was a member of the Choctaw Tribe of Indians by blood; that Rosie Anderson, a white woman, was his mother, and not a member of the tribe and not entitled to an allotment; that said Robert Anderson is also a Choctaw Indian by blood and was entitled to inherit the entire allotment of said minor and hence was the owner of the proceeds of the land. Of all of which, they say, he was ignorant at the time of the sale and settlement therefor as alleged. The answer further alleged that the county court of

Atoka county was without jurisdiction of the proceeds of the sale
of said land, and that the order requiring him to pay it over to
his successor in office and all proceedings of said court in reference
thereto were a nullity. After a general demurrer to the answer
was filed and overruled, there was trial to the court on an agreed
statement of facts which were in effect in addition to the
facts set forth in the pleadings, that Joe, Josie, and Albert
Anderson were the children of Robert and Rosie Anderson
and members of the Choctaw Tribe of Indians by blood, and as
such were entitled to allotments which they received; that Robert
Anderson was the father of Emmett Anderson, who died without
issue, by a former wife; that said Robert Anderson was duly ap-
pointed guardian of the minor plaintiffs, Joe and Josie and also
Emmett Anderson, and as such duly qualified and acted until
October 30, 1908, on which date he was removed and Rosie Ander-
son duly appointed their guardian and has acted as such ever
since; that upon his appointment as guardian Robert Anderson
executed the first bond sued on in this case, that, while acting as
such, the United States Court for the Indian Territory Central
District at Atoka, ordered him to sell certain land, the allotment of
Albert Anderson, deceased, for the benefit of the minor plaintiffs
Joe and Josie Anderson, which he afterwards did, but prior thereto
pursuant to order of court, he executed an additional bond, which
is the second bond sued on in this case, with the defendant surety
company as surety; that thereafter, on October 30, 1908, the coun-
ty court of Atoka county, as the successor of the United States
court aforesaid, ordered that said Robert Anderson, as guardian,
pay into court $678.51, the amount found on settlement with the
court to be due from him to the minors. It is stipulated
that if said were the owners of the land so sold, or had
any interest therein at that time, it was by virtue of their
being heirs of said Alfred Anderson and entitled to inherit
the same to the exclusion of their father, Robert Anderson.
It was further stipulated that if Anderson, the father, in-

herited said land he was ignorant of his right so to do until after his final report to the county court and its order requiring him to account for the proceeds of the sale thereof. On this state of facts the court rendered judgment against the principal and sureties on the first bond for $242.34 and in favor of the principal and surety on the second bond, and plaintiffs bring the case here.

Nowhere in the record is it stipulated by counsel or found by the court that Robert Anderson was the owner of the land at the time it was sold by him as guardian of these minors. That is, unless it can be said that the court in effect so held when he held that neither principal nor surety were liable on the bond in question. If the court so held, and, further, that such ownership was a good defense to a *prima facie* breach of this bond, which was the failure of the guardian to pay over money found due from him on settlement, the court was wrong. This for the reason that a guardian who has received property in trust for his ward and executes a bond for its forthcoming when ordered, when sued on the bond, will not be heard to say that the court had no jurisdiction over the property, and to repudiate the trust and set up title thereto in himself. *A fortiori* neither will the surety, to escape liability on the bond, be heard to set up title in the guardian. 15 Am. & Eng. Enc. of Law, p. 76, says:

"One who has been appointed guardian, and who has acted and received funds as such, is estopped to avoid liability therefor by denying the guardianship relation; and, if he has done acts as guardian, he is estopped to deny the validity of such acts or to assert claims in conflict therewith."

In support of the text is cited *In re Wm. Steele et al., Guardians, etc.,* 65 Ill. 322. That was a proceeding to compel guardians to account for money received by them. It was there held that, where the guardian was sought to be charged with the amount of the sale reported, parol proof was admissible of the interest purchased and the amount of the purchase money received

by him on the sale, but parol evidence was not admissible for the purpose of showing that the wards had no interest in the lands sold, as the guardian was estopped, by reason of selling the same as theirs, from disputing such fact, and also by the findings of the court, which must be regarded as *res adjudicata.*

*Fox v. Minor,* 32 Cal. 111, 81 Am. Dec. 566, was a suit by Fox as guardian for a minor against Minor and Melone, sureties on the bond of Wilson, who was plaintiff's predecessor in office as guardian, and who had resigned. The object of the suit was to recover $2,000, which the probate court found to be due from Wilson by an examination of his accounts at the time of his resignation. The court said:

"Neither Wilson nor his sureties can be heard to say that Wilson was not legally appointed guardian. Having accepted the appointment and by virtue thereof become possessed of the minor's estate, it would be strange indeed if he could now dispute the jurisdiction of the court and, under the pretense that the court had acted without authority, retain the estate of his ward. By accepting the appointment and the estate Wilson placed himself within its jurisdiction and became an officer of the court and responsible to it for the faithful performance of his trust, and he is forever estopped by the record from denying his accountability. *People v. Norton,* 9 N. Y. 179. The judgment of the probate court is conclusive against Wilson and his sureties alike. We so held in *Irwin v. Backus,* 25 Cal. 214 [85 Am. Dec. 125], and we adhere to that decision."

*McClure v. Commonwealth,* 80 Pa. 167, was a like suit on a guardian's bond. In effect the contention of the guardian was that the court had no jurisdiction to make the appointment under which he acted, for the reason that jurisdiction to appoint was vested in another court in another county, but the court held that the appointment in question for that reason was not entirely void, and said:

"Hence where, as in this case, the guardian erroneously ap-

pointed has acted in good faith, received the money of his ward, and settled his account before the proper court, and thus has recognized his liability, he is clearly estopped from denying his liability for the money, in an action for its recovery, by a subsequent guardian duly appointed in his place after his removal from his guardianship. His bond in such case is clearly sufficient to bind him. His surety on the bond is also estopped, because his bond is not so wholly void that it would not be supported at common law."

See, also, *Hines et al. v. Mullins,* 25 Ga. 696; *Harbin v. Bell,* 54 Ala. 389; *Irwin, Adm'r, etc., v. Backus,* 25 Cal. 214, 85 Am. Dec. 125; 21 Cyc. 178.

The judgment of the trial court is reversed, with directions, as no complaint is made of the judgment on the other bond, to proceed on the bond in question in conformity hereto.

Defendants have filed no brief.

KANE, C. J., and SHARP and HARDY, JJ., concur. BROWN, J., dissents.