### JOHNSON v. JOHNSON et al.

No. 6127. Opinion Filed September 12, 1916.

(159 Pac. 1121.)

**1. Guardian and Ward—Sales—Collateral Attack.**

Where, in an action in ejectment, the plaintiff in order to prove title in herself assailed the validity of the record of the county court, appointing for her a guardian, who as such, pursuant to an order of the court, had subsequently sold and conveyed the land in controversy to one of the defendants, held, that such was a collateral attack, and that the record, being one of a court of general jurisdiction, as to probate matters could not be impeached by any evidence or allegation that the guardian appointed by the county court was himself, at the time of such appointment, a minor.

**2. Same—Appointment of Guardian—Collateral Attack—Presumption.**

The appointment of a guardian for a minor by the county court imports general jurisdiction in the court so to do, and, the record thereof being regular upon its face, it will be inferred, from the fact that such appointment was made, that all the facts necessary to vest the court with jurisdiction to make the appointment, including the determination of the proper qualifications of the guardian appointed, had been found to exist before such appointment was made.

(Syllabus by Burford, C.)

Error from District Court, Craig County; Preston S. Davis, Judge.

Action in ejectment by Emma Johnson (nee Bussey) against J. E. Johnson and others. A demurrer was sustained to plaintiff's reply, from which ruling plaintiff appeals. Affirmed.

Edgar Anderson and W. T. Hutchings, for plaintiff in error.

Holtzendorff & Holtzendorff, for defendant in error Patton.

Opinion by BURFORD, C. This was an action in ejectment brought by Emma Johnson to recover certain real property in Craig county. The petition was in the usual form. The Deming Investment Company disclaimed. The defendant Patton answered that his codefendant, J. E. Johnson, the husband of the plaintiff, had theretofore been appointed plaintiff's guardian by the county court of Craig county; that after such appointment he had regularly sold and conveyed the land in controversy under order and confirmation of the county court to J. H. Frogge, who had in turn conveyed the land to the defendant Patton; that the defendant was without knowledge of any defect in the proceedings; and that the same were regular upon their face. Copies of the various orders of appointment and the proceedings relative to the sale were attached to the answer. Replying, the plaintiff alleged that all the proceedings set up in the defendant's answer were void for the reason that her husband, J. E. Johnson, who had been appointed her guardian and who effected the sale of the land in controversy, was at the time of the appointment himself a minor, and was therefore incapable of becoming or acting as her guardian. To this reply a general demurrer on behalf of the defendant Patton was sustained, the court, however, granting time to the plaintiff to bring proper proceedings in the county court of Craig county to set aside the judgment of that court. This the plaintiff refused to do, and, standing upon her demurrer, brings the cause here for review.

There is no question of fraud raised in the briefs, the sole propositions involved being

whether or not it was competent for the plaintiff to allege and prove in the action that her guardian was at the time of his appointment a minor, and, if so, whether or not a minor could properly become the guardian of another minor in this state. The latter proposition, under the conclusions we have reached, is not before us for decision.

It seems clear under the decisions of this court in Baker v. Cureton, 49 Okla. 15, 150 Pac. 1090, Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184, and Scott v. Abraham, 60 Okla. —, 159 Pac. 270, that the allegations by the plaintiff as to the minority of a guardian could not properly be entertained in this action, and therefore the demurrer was properly sustained. The cases above cited clearly set forth the principle that the county courts in this state, in the exercise of their powers in probate, are courts of general jurisdiction, that their records, regular upon their face, cannot ordinarily, in an action of ejectment, be impeached by evidence aliunde the record, and that in appointing guardians, where the record is regular upon its face, this court will presume that every jurisdictional fact was determined by the trial court, and became a part of its judgment. In Hathaway v. Hoffman and Scott v. Abraham, supra, it was sought to be proved that the minors were not actual residents of the county in which their guardian was appointed at the time of such appointment. It was said in Hathaway v. Hoffman, supra:

"The record of the county court being silent as to the residence of these minors at the time this appointment was made, it is but fair to presume, in aid of the jurisdiction of the court to make the appointment, that the court before making it took evidence, as was its duty to do, and found the facts to be that their residence at that time was in Atoka county."

So in the case at bar it was the duty of the court to determine whether or not the guardian appointed was a person qualified to accept the appointment. Having appointed him, and the record being regular upon its face, this court must assume that the county court determined that the person appointed was qualified to become the guardian of the minor plaintiff. If the court erred in his conclusions in this regard his ruling was subject to review upon appeal, but clearly such judgment of the county court is not subject to review upon collateral attack in ejectment.

Judgment affirmed.

By the Court: It is so ordered.