**KING v. MITCHELL et al.**

No. 7666—Opinion Filed Jan. 29, 1918.

Rehearing Denied March 26, 1918.

(171 Pac. 725.)

1. **Guardian and Ward—Guardian's Sale—Collateral Attack—What Constitutes.**

Where, in an action to recover possession and quiet title to lands, the plaintiff, in order to establish title in herself, assailed the record of the county court appointing a guardian for her, who as such, pursuant to the order of the court, thereafter conveyed the lands in suit to the grantor of defendant, held, that such constituted a collateral attack.

2. **Evidence — Judgment — Appointment of Guardian — Presumption — Collateral Attack.**

Where the record of the county court in a guardianship proceeding is silent relative to the competency of a person appointed as guardian, it will be presumed that in making the appointment the court, in the proper discharge of its duty, upon inquiry, adjudged that the person designated as guardian possessed all the requisite qualifications; and such judgment, being that of a court of general jurisdiction, is not subject to collateral attack, and may not be impeached by evidence aliunde.

3. **Indians — Allotted Lands — Inheritance.**

The heirs of a deceased member of the Creek Tribe of Indians, to whom patents have issued for lands allotted in his right, take title to such lands by inheritance.

4. **Indians — Allotments — Restrictions—Statutes.**

"The act of Congress approved May 27, 1908 (35 Stat. 312, c. 199), entitled 'An act for the removal of restrictions from part of the lands of allottees of the Five Civilized Tribes, and for other purposes,' is a revising act, and was intended as a substitute for all former acts relating to the subject of

such restrictions, and operated to repeal the provisions of an act of Congress approved April 26, 1906 (34 Stat. 137, c. 1876), and previous congressional enactments in conflict therewith on the same subject."

5. **Same—Inherited Lands.**

"Under the provisions of section 9 of the act of Congress of May 27, 1908 (35 Stat. L. 312), the death of an allottee of the Five Civilized Tribes operated to remove all restrictions upon the alienation of said allottee's land. The first proviso in said section, 'That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee,' imposed a merely personal restriction on the full-blood Indian heirs. The restriction thus imposed was simply an incapacity to convey without the approval of the proper county court, similar to the disability of a minor to sell his lands."

6. **Same.**

"Lands inherited by full-blood Creek Indian minors from a full-blood Creek allottee are not 'restricted lands' within the purview of the proviso in section 6 of the act of May 27, 1908 (35 Stat. 312), prohibiting the sale or incumbrance of restricted lands of living minors, except by leases authorized by law, by order of the court, or otherwise."

(Syllabus by Bleakmore, C.)

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Annie King against W. F. Mitchell and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Lafayette Walker, for plaintiff in error.

C. W. Brewer, for defendants in error.

Opinion by BLEAKMORE, C. This action was brought by Annie King to recover possession of an undivided one-third interest in certain lands and quiet title thereto. Upon trial to the court judgment was rendered for defendants, and plaintiff has appealed.

The lands in question were allotted in 1900 to one Joseph King, a deceased member of the Creek Tribe of Indians, and patents thereto subsequently issued to his heirs. Plaintiff is a full-blood member of the Creek Tribe, and claims title to the lands in suit as an heir of the allottee. Defendants assert that upon the death of the allottee plaintiff succeeded to only an undivided one-fifth interest in said land, which interest was sold in regular guardianship proceedings in the county court of Okfuskee county, and on November 18, 1908, con-

veyed by the then guardian of plaintiff to one Shults, who in turn conveyed to defendants.

It is contended by plaintiff that such sale was void for the following reasons: (1) That her guardian falsely represented to the county court in which the guardianship proceedings were pending that she had inherited an interest in said lands; whereas, under the law, she had acquired same by purchase. (2) That by collusive agreement with the purchaser her guardian represented to said county court that she was the owner of only a one-fifth interest in said land, when in truth she owned one-third thereof. (3) That there was no necessity for such sale. (4) That her guardian was not a member of the Creek Tribe of Indians, and therefore, by virtue of section 4 of the Original Creek Agreement (31 Stat. 861), incompetent to act as guardian of plaintiff, a minor full-blood Indian. (5) That the other heirs of the deceased allottee, who are adult full-blood members of the Creek Tribe, had not joined with her guardian in the sale of such land, and that the deeds purporting to convey said lands had not been approved as required by section 22 of the act of Congress of April 26, 1906 (34 Stat. 137). (6) That such sale was in contravention of the proviso of section 6 of the act of May 27, 1908, "that no restricted lands of living minors shall be sold or encumbered, except by leases authorized by law, by order of the court, or otherwise." 35 Stat. 314.

By finding generally for the defendants the trial court necessarily found that upon the death of allottee plaintiff succeeded to a one-fifth, and not a one-third, interest in the lands in suit, thus determining adversely to her the only issue of fact properly presented by the pleadings. In this regard the evidence clearly and convincingly sustains such finding.

The contention that plaintiff, as an heir of the deceased allottee, took title to the land involved by purchase, and not by inheritance, is ill founded. The identical question was before this court in Chupco et al. v. Chapman, 76 Okla. 201, 170 Pac. 259, wherein it was held:

"Katie Chupco, a full-blood Creek Indian woman, died after enrollment, on April 26, 1900. After her death an allotment was selected for her and patented to her heirs. Held, such heirs took the title to the land by inheritance, and not by purchase."

The competency of plaintiff's guardian and the necessity for the sale of her interest in the lands in suit were questions properly and necessarily presented for the consideration of the county court when the guardian was appointed and the sale ordered and confirmed. If the provision of the Original Creek Agreement, that "all guardians or curators appointed for minors and incompetents shall be citizens," was in force and controlling at the time of the appointment of the guardian in the instant case (concerning which we express no opinion), yet, as the record of the county court is silent relative to the citizenship of such guardian, it will be conclusively presumed that, in making the appointment, the court, in the proper discharge of its duty, upon inquiry, adjudged that the person designated as guardian of plaintiff possessed the requisite qualifications; and such judgment, being that of a court of general jurisdiction, is not subject to collateral attack, and may not be impeached by evidence aliunde. Baker v. Cureton, 48 Okla. 174, 150 Pac. 1090; Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184; Johnson v. Johnson, 60 Okla. 206, 159 Pac. 1121.

The remaining questions presented for our consideration have been determined by this court in Chupco et al. v. Chapman et al., supra, as follows:

"The act of Congress approved May 27, 1908 (35 Stat. 312, c. 199), entitled 'An act for the removal of restrictions from part of the lands of allottees of the Five Civilized Tribes, and for other purposes,' is a revising act, and was intended as a substitute for all former acts relating to the subject of such restrictions, and operated to repeal the provisions of an act of Congress approved April 26, 1906 (34 Stat. 137, c. 1876), and previous congressional enactment in conflict therewith on the same subject.

"Under the provisions of section 9 of the act of Congress of May 27, 1908 (35 Stat. 312), the death of an allottee of the Five Civilized Tribes operated to remove all restrictions upon the alienation of said allottee's land. The first proviso in said section, 'That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee,' imposed a merely personal restriction on the full-blood Indian heirs. The restriction thus imposed was simply an incapacity to convey without the approval of the proper county court similar to the disability of a minor to sell his lands.

"Lands inherited by full-blood Creek Indian minors from a full-blood Creek allottee are not 'restricted lands,' within the purview of the proviso in section 6 of the act of May 27, 1908 (35 Stat. 312), prohibiting the sale or incumbrance of restricted lands

of living minors, except by leases authorized by law, by order of the court, or otherwise.

"Amos Chupco and Katie Chupco, full-blood Creek Indian allottees, died in Hughes county, Okla., leaving surviving both adult and minor full-blood Indian heirs. By virtue of the probate jurisdiction conferred by section 6 of the act of Congress of May 27, 1908, the probate court of Hughes county, Okla., was authorized to sell the inherited interest of the full-blood Indian minors in the allotments of the deceased allottees in conformity to the procedure for the sale of the lands of minors under the probate laws of the state, said court being the same court that had jurisdiction of the settlement of the estate of the deceased allottees, and the approval by the court of the guardianship sale, with direction to the guardian to execute a deed to the purchaser, was a substantial compliance with that part of section 9 of the act, providing 'that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee.'"

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.