### KING v. SHULTS et al.

No. 7667—Opinion Filed April 15, 1919.

(180 Pac. 550.)

(Syllabus.)

**1. Guardian and Ward—Collateral Attack—Guardian's Sale.**

Where, in an action to recover possession and quiet title to lands, the plaintiff, in order to establish title in herself, assailed the record of the county court appointing a guardian for her, who, as such, pursuant to the order of the court, thereafter conveyed the lands in suit to the grantor of defendant, held, that such constituted a collateral attack.

**2. Evidence—Guardian and Ward—Competency of Guardian—Collateral Attack.**

Where the record of the county court in a guardianship proceeding is silent relative to the competency of a person appointed as guardian, it will be presumed that in making the appointment the court, in the proper discharge of its duty, upon inquiry, adjudged that the person designated as guardian possessed all the requisite qualifications; and such judgment, being that of a court of general jurisdiction, is not subject to collateral attack, and may not be impeached by evidence aliunde.

**3. Indians—Allotment—Inheritance.**

The heirs of a deceased member of the Creek Tribe of Indians, to whom patents have issued for lands allotted in his right, take title to such lands by inheritance.

**4. Indians — Allotment — Restrictions — Statutes.**

"The act of Congress approved May 27, 1908 (35 Stat. L. 312, c. 199), entitled 'An act for the removal of restrictions from part of the lands of allottees of the Five Civilized Tribes, and for other purposes,' is a revising act, and was intended as a substitute for all former acts relating to the subject of such restrictions, and operated to repeal the provisions of an act of Congress approved April 26, 1906 (34 Stat. L. 137, c. 1876), and previous congressional enactments in conflict therewith on the same subject."

**5. Same—Conveyance by Full-Blood Heirs.**

"Under the provisions of section 9 of the act of Congress of May 27, 1908 (35 Stat. L. 312), the death of an allottee of the Five Civilized Tribes operated to remove all restrictions upon the alienation of said allottee's land. The first proviso in said section, 'That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate .of said deceased allottee,' imposed a merely personal restriction on the full-blood Indian heirs. The restriction thus imposed was simply an incapacity to convey without the approval of the proper county court, similar to the disability of a minor to sell his lands."

**6. Same—Inheritance—"Restricted Lands."**

"Lands inherited by full-blood Creek Indian minors from a full-blood Creek allottee are not 'restricted lands' within the purview of the proviso in section 6 of the act of May 27, 1908 (35 Stat. L. 312), prohibiting the sale or incumbrance of restricted lands of living minors, except by leases authorized by law, by order of the court, or otherwise."

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Annie King against Leroy E. Shults and others. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 60 Okla. 218, 159 Pac. 1106.

Lafayette Walker, U. S. Probate Atty., for plaintiff in error.

C. W. Brewer, for defendants in error.

PITCHFORD, J. The plaintiff in error commenced this action on July 1, 1914, by filing a petition in the district court of Okfuskee county, Okla., claiming that she was the owner of and entitled to the possession of an undivided one-third interest in the southeast quarter of section 14. township 10 north, range 8 east; that said land was part of the lands allotted to Sarah King, a full-blood citizen of the Creek Tribe of Indians, who was duly enrolled opposite No. 6173; that said Sarah King died on February 28, 1901, and that the patent covering said lands was issued to the heirs of the deceased on August 1, 1904. When this cause was tried in the court below, it was agreed by and between the parties that the evidence in this case would be the same evidence introduced in cases Nos. 1571 and 1573, and that each party reserved the right to introduce any additional testimony in cases Nos. 1571 and 1573 that was not in-

troduced in case No. 1570 (the instant case), but the testimony in No. 1570 is to apply to all three cases, and the court to consider the testimony taken in No. 1570 and apply it in Nos. 1571 and 1573.

It will be remembered that the case referred to in the agreed statement, No. 1570, is the instant case, No. 7667, and No. 1571 is the same as No. 7666, the Supreme Court numbers. The land involved in case No. 7666, King v. Mitchell et al., 69 Okla. 207, 171 Pac. 725, decided January 29, 1918, wherein the judgment of the trial court was affirmed, was a portion of the land allotted in 1900 to one Joseph King, a deceased member of the Creek Tribe of Indians, and who was a brother of Sarah King, and an uncle of this plaintiff. The plaintiff in that case is the plaintiff in the instant case, and claimed a like interest in the allotment of Joseph King which she now claims in the allotment of Sarah King. The evidence was almost identical in each case; in fact, was identical in so far as heirship was concerned, the only difference being as to the defendants in the two cases respectively. In No. 7666, supra, the defendants deraigned title from the defendants Leroy E. and R. F. Shults, defendants in the instant case, and who acquired their title therein by virtue of a sale by the guardian to the plaintiff, which sale included the land in the case at bar; every contention as to the facts and every principle of law relied on by the plaintiff in the case at bar being the same as in No. 7666.

This court having heretofore passed upon the last-named case, and the judgment of the trial court there affirmed, we see no reason why the opinion there rendered should not be followed in the instant case.

The judgment of the trial court is therefore affirmed.

All the Justices concur.