## BANK OF INGERSOLL v. DRESIA, Gdn.

No. 14055—Opinion Filed Oct. 7, 1924.

1. **Guardian and Ward—Appointment of Guardian—Record—Presumption of Jurisdiction.**

The appointment of a guardian for a minor by the county court imports general jurisdiction in the court so to do, and the record thereof being regular upon its face, it will be inferred from the fact that such appointment was made that all the facts necessary to vest the court with jurisdiction to make the appointment, including the determination of the proper qualification of the guardian appointed, had been found to exist before such appointment was made.

2. **Same—Authority of Foreign Guardian—Right to Remove and Sue for Ward's Property.**

Section 1488, Comp. Stat. 1921, provides that, upon a proper application by a guardian and upon proper notice to the resident guardian, to which is attached a transcript of the record of the appointment and a showing made that he had entered upon the discharge of his duties, that he was entitled, under the laws of the state of his appointment, to the possession of the estate of his ward, the judge of the county court, unless good cause to the contrary is shown, must make an order granting such guardian leave to take and remove the property of his ward to the state, territory, or place of residence, which is authority to him to sue for and receive the same in his own name for the use and benefit of his ward. Held, that the plaintiff fully complied with the statute in the instant case in this respect and was authorized to maintain this action.

3. **Same—Discharge of Resident Guardian.**

Section 1489, Comp. Stat. 1921, provides: "Such order is a discharge of the executor, administrator, local guardian, or other person in whose possession the property may be at the time the order is made, on filing with the county court the receipt therefor of the foreign guardian of such absent ward." Held, that the effect of this section of the statute was to discharge the resident guardian.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5..

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by Frank E. Dresia, guardian of Garnett N. Taylor, a minor, against the Bank of Ingersoll, of Ingersoll, Okla., for the sum of $2,000 and interest. Judgment for plaintiff. Defendant brings error. Affirmed.

Hill & Kirkendall, for plaintiff in error.

Stephens & Dresia and A. R. Carpenter, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Alfalfa county, Okla., by Frank E. Dresia, guardian of Garnett N. Taylor, a minor, defendant in error, plaintiff below, against the Bank of Ingersoll, of Ingersoll, Okla., plaintiff in error, defendant below. for the sum of $2,000 with interest at the rate of four per cent. per annum from the 15th day of August, 1919.

The parties to this action will be referred to as plaintiff and defendant as they appeared in the lower court.

The plaintiff alleged in his petition that he was the duly appointed, qualified, and acting guardian of the person and estate of Garnett N. Taylor, a minor, having been appointed by the probate court of Cherokee county, Kan., upon the application of the father, F. N. Taylor, who had been appointed guardian of the said minor in the state of Kansas, and by the county court of Alfalfa county, Okla., and also upon the application of the minor, Garnett N. Taylor, after he had arrived at the age of 14 years, who, under the laws of the state of Kansas, had the right to and did select and nominate him, the said Frank E. Dresia, to act as guardian of his person and estate; that F. N. Taylor, while acting as guardian of the said minor in Oklahoma, in the month of August, 1919, deposited $2,000 for said minor in the defendant bank for the term of one year at four per cent; that the plaintiff had, upon proper petition, secured an order from the county court of Cherokee county and from the county court of Alfalfa county to remove the funds belonging to his ward from the state of Oklahoma to the state of Kansas: that after securing said order he made demand upon the defendant bank for the said $2,000, but the bank had refused to turn over said funds to him: that he was entitled as such guardian to a judgment against said bank for the amount of $2,000, with interest from August, 1919.

The defendant answered by way of general denial, and denied that it owed the amount sued for, or any other amount, to the plaintiff, or to his former guardian, F. N. Taylor; that the probate court of Cherokee county, Kan., had no jurisdiction to appoint the plaintiff for the reason that F. N. Taylor had never been discharged as the guardian of Garnett N. Taylor, a minor, by the county court of Alfalfa county, Okla., nor by the probate court of Gray county, Kan., which had also appointed F. N. Taylor as guardian of said minor; that the plaintiff, as guardian, appointed by the probate court of Cherokee, county, Kan., was not authorized to maintain this action in the courts of the state of Oklahoma, while the record showed that F. N. Taylor had been appointed by the county court of Alfalfa county as guardian of said minor, prior to his discharge as such guardian, and no such discharge had ever been made.

The cause was tried to the court without the intervention of a jury, a jury having been specifically waived, and, at the close of all the evidence in the case, the court pronounced judgment against the defendant and in favor of the plaintiff for the sum of $2,257.18, with interest thereon from the 1st day of May, 1922, at the rate of six per cent. per annum, and costs.

A motion for new trial was filed, heard, and overruled, exceptions reserved, and the cause comes to this court regularly upon appeal by the defendant from the judgment of the trial court.

Attorneys for defendant, in their brief, urge that in the order of removal no authority is granted to the guardian residing in Kansas to institute suits in the state of Oklahoma, and further present the proposition of the right of a nonresident guardian o maintain a suit in the state of Oklahoma, when there is a duly appointed guardian of the person and estate of a minor residing in the state of Oklahoma.

The evidence in this case discloses that F. N. Taylor, the father of the minor, was appointed guardian of his person and estate in Alfalfa county, Okla., and again in Gray county, Kan.; that, after the boy arrived at the age of 14 years, the plaintiff, Frank E. Dresia, upon the application of the father and on nomination of the minor, was appointed guardian of his person and estate by the probate court of Cherokee county, Kan. It is admitted by the defendant bank that F. N. Taylor, while acting as guardian of the minor, deposited $2,000 in cash in the defendant bank on the 16th day of Aug-

ust, 1919, drawing four per cent, interest; that upon order of the court, F. N. Taylor withdrew $100 of this fund, leaving a balance of $1,900 and interest.

The record testimony shows that the plaintiff, Frank E. Dresia, as guardian of the minor, upon a proper application to the county court of Alfalfa county, Okla., was granted an order to remove the property of his minor ward from the state of Oklahoma to Cherokee county, Kan., said application being in due form, accompanied by the certified copies of the proceedings of the probate court of Cherokee county, Kan.; that after obtaining said order, the guardian, Frank E. Dresia, made a demand upon the defendant bank for the money, and payment was refused. This is substantially the testimony that is important in this case.

The attorneys for defendant undertake to attack the action of the probate court of Cherokee county, Kan., in making the appointment of Frank E. Dresia. In a decision of this court, in the case of Johnson v. Johnson et al., 60 Okla. 206, 159 Pac. 1121, the court said:

"The appointment of a guardian for a minor by the county court imports general jurisdiction in the court so to do, and, the record thereof being regular upon its face, it will be inferred, from the fact that such appointment was made that all the facts necessary to vest the court with jurisdiction to make the appointment, including the determination of the proper qualification of the guardian appointed, had been found to exist before such appointment was made."

To like effect are the cases of Scott v. Abraham, 60 Okla. 10, 159 Pac. 270; Anderson v. Anderson, 45 Okla. 653, 146 Pac. 709.

Not only did the probate court of Cherokee county, Kan., pass upon the questions of fact to determine its own jurisdiction, but the county court of Alfalfa county, Okla., upon petition to remove the fund, passed upon the legality of the appointment and the finding of the county court of Alfalfa county upon this question, and upon the right of removal of fund, cannot be attacked collaterally in this action.

Upon the question of the right to the removal of the fund and the right to maintain this action by Frank E. Dresia, the present guardian, we think it is settled by the statute law of this state, under section 1487, Comp. Stat. 1921, and under the succeeding section, No. 1488. The proper notice was given to F. N. Taylor and the proper certificate, showing a transcript of the record of plaintiff's appointment, was filed,

showing that he had entered upon the discharge of his duties, and that he was entitled under the laws of the state of Kansas to the possession of the estate of the ward, and the law was fully complied with by the guardian in the instant case. In the latter part of the last above cited section it is provided:

"Upon such application, unless good cause to the contrary be shown, the judge of the county court must make an order granting to such guardian leave to take and remove the property of his ward to the state, territory or place of residence, which is authority to him to sue for and receive the same in his own name for the use and benefit of his ward."

It will be observed from the above quotation that the statute authorizes the guardian upon said order to sue for and receive property in his own name for the use and benefit of his ward.

The statute is equally clear that the order for removal discharges the local guardian. Section 1489, Comp. Stat. 1921, is as follows:

"Such order is a discharge of the executor, administrator, local guardian, or other person in whose possession the property may be at the time the order is made on filing with the county court the receipt therefor of the foreign guardian of such absent ward."

Upon the whole record, and following the decisions of this court and the statute law of this state, we are clearly of the opinion that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.