THURSTON et al. v. GREEN, Adm'r, et al.

No. 30533. April 28, 1942.

*125 P. 2d 202.*

Van H. Albertson, of Shawnee, and Bland & Lester, of Fort Smith, Ark., for plaintiffs in error.

Byron Lamun and Wyatt, Wyatt & Green, all of Shawnee, for defendants. in error.

HURST, J. In this proceeding Bobbie Thurston and others, devisees under the last will and testament of Cora Brooks Durham, deceased, sought to have vacated an order of the county court of Pottawatomie county approving an executor's account, as to a claim against the estate allowed in said account. The county court, and the district court on appeal, refused the petitioners the relief sought, and petitioners appeal.

The claim was for a note secured by a real estate mortgage. It was dated and acknowledged August 2, 1937, and was allowed by the executors, Durham and Brooks, on August 12, 1937, and approved by the county judge on the same date. Thereafter the claimant foreclosed the mortgage, sold the land covered thereby in such proceeding, and assigned the deficiency judgment to Minnie Warren. On October 9, 1939, Minnie Warren filed application to have the executors removed for failure to sell the remaining land of the estate (there being no personal property belonging to the estate) and apply the proceeds to the satisfaction of the deficiency judgment. Thereupon the executors filed their final account, and on April 4, 1940, were discharged, and John L. Green was appointed administrator with the will annexed. In the order approving the final account the county court specifically allowed, approved, and settled the claim of Minnie Warren for the amount of the deficiency judgment. No appeal was taken from that order.

On October 20, 1940, the plaintiffs in error filed their verified motion to vacate the order of April 4, 1940, insofar as it allowed the claim of Minnie War-ren, on the ground that the claim was for a deficiency judgment, and that no claim for such judgment had been filed, allowed, and approved within the time and in the manner required by law. The county court denied the motion to vacate, and they appealed to the district court, which sustained a demurrer to their evidence and affirmed the action of the county court.

1. It is first contended that the trial court erred in sustaining a demurrer to the evidence offered by the movants. This contention is without merit. The claim shows on its face that it was allowed by Durham and Brooks on August 12, 1937. Durham testified that the claim was presented to him by Brooks, but he could not remember the date. Bobbie Thurston testified that Brooks was in Texas from the latter part of July, 1937, to August 13, 1937. She admitted that she did not know this of her own knowledge, but was told so by other persons. Brooks was not produced as a witness, nor was it shown that he was not available. This was all the evidence offered. This evidence was wholly insufficient to impeach the recital in the claim, or the presumptions arising from its approval by the county court. King v. Shults, 72 Okla. 254, 180 P. 550. The demurrer was properly sustained.

2. The second contention is that the claim was not established because a certified transcript of the judgment was not filed in the county court as required by 58 O. S. 1941 § 345. This is likewise without merit. The provisions of 58 O. S. 1941 § 345 have no application to the claim of Minnie Warren. That section deals with a rejected claim which has been established by an action brought under 58 O. S. 1941 § 339. In the instant case the claim was not rejected, but was allowed and approved, and specifically allowed and settled by the order approving the final account of the executors.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., absent.