PREWITT v. GARRETT.

1. A bond of indemnity, given by the defendants to an execution, to the sheriff, to
   save him harmless against the consequences of levying on and selling the proper-
   ty of a stranger to the judgment, for its satisfaction, is illegal, and void, and no
   action can be maintained by the sheriff upon it.

ERROR to the Circuit Court of Lowndes.

THIS was an action by the plaintiff against the defendant in error, and two others, on a bond of indemnity.

The declaration sets out the condition of the bond to be, that one Peter Williams had recovered a judgment against Samuel Y. Allen and Patterson Rogers; that execution issued thereon, and came to the hands of plaintiff in error, as sheriff; that Allen and Rogers pointed out a certain female slave, the property of the estate of Peter Wyatt, deceased, and directed the sheriff to levy the execution on the said slave, and expose her to sale to satisfy the execution; and that they, Allen and Rogers, and defendant in error as their surety, would indemnify and save him harmless, &c., in so doing. That he accordingly levied on, and sold the slave in satisfaction of the execution; that an action has been instituted against him for selling the slave, and damages recovered, &c.: of all which the defendants had notice. The writ not being executed on Allen and Rogers, the suit was discontinued as to them.

The defendant demurred to the declaration, and the demurrer was sustained, and judgment rendered for the defendant; from which this writ is prosecuted.

BOLLING, for the plaintiff in error, submitted the cause.

ORMOND, J.—The bond in this case was given by the defendants in execution, to indemnify the sheriff against the consequences of levying on and selling the property of a stranger to the judgment and execution, for its satisfaction. This was a promise to indemnify the sheriff against the consequences of a tres-

pass, which he was invited to commit; and, being illegal, no right of action can grow out of it.

The plaintiff in an execution may indemnify the sheriff for levying on and selling property supposed to belong to the defendant, though out of his possession, and claimed by another; but it is impossible to conceive of a case in which the property of a stranger to the judgment could be sold, at the instance of the defendant in execution, to satisfy the judgment. The indemnity being to save the sheriff harmless against the consequences of an act prohibited by law, cannot be enforced in a court of justice.

The judgment of the court on the demurrer must be, therefore, affirmed.