## COLLIER'S ADM'R vs. WINDHAM.

[ACTION BY SHERIFF ON BOND OF INDEMNITY.]

1. *Fi. fa. issued after defendant's death void.*—A *fi. fa.* issued after the defendant's death, without a revival of the judgment, is void, except when issued to continue a lien acquired by a previous valid *fi. fa.*
2. *Bond of indemnity to procure levy of void execution, itself void.*—A bond of indemnity given to induce a sheriff to levy a void execution, is itself void, and cannot be enforced by suit.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. THOMAS A. WALKER.

ACTION under the Code by Joshua Collier against Irvine Windham, on a bond of indemnity. The complaint states, in substance, that at the March term, 1845, of the Circuit Court of Limestone county, William Brandon obtained a judgment against Achilles Whitlock, for a sum specified in the complaint; that on this judgment execution issued in the lifetime of Whitlock, and "a chasm intervened", and he died, and on the 8th March, 1847, a *fieri facias* issued, which was delivered to the plaintiff, who then was the sheriff of said county, and who as such sheriff levied it on various articles of personal property specified in the complaint, as the property of Whitlock; that on the 13th March, 1847, said Brandon (who is not sued) and the defendant Windham executed to the plaintiff a bond, in the penal sum of one thousand dollars, the condition of which, after reciting all the aforesaid

facts except the death of Whitlock, concludes in the following words, to-wit : "And a doubt having arisen whether the right of said property is in said Achilles Whitlock, now, if the said William Brandon shall well and truly indemnify the said Joshua Collier, sheriff as aforesaid, against all suits, or actions, or other injury on account of said levy and sale, to take place by virtue of said execution at the request of said Wm. Brandon, then this obligation to be void; else, to remain in full force and virtue." The complaint then proceeds to assign a breach as follows : "And the plaintiff says, the condition of said bond has been broken by defendant, in this, that afterwards, to-wit, on the — day of ——, 1847, plaintiff, at the request of said Brandon, sold said property mentioned above as such sheriff, for the sum of $374 94, and paid the proceeds of said sale to said Wm. Brandon ; that said Whitlock, against whose property said execution had been issued, died previous to its issuance, and his estate was regularly declared and settled as an insolvent estate ; that after said sale, plaintiff was appointed, by the Probate Court of Limestone county, as administrator *de bonis non* of the said Whitlock; that one Allen McCargo had preceded him in said administration, and had resigned without collecting the assets of said estate ; and plaintiff having declared and settled said estate as (an) insolvent estate, upon his final settlement thereof, on to-wit, 12th of January, 1852, plaintiff was charged with the value of all the property mentioned in said bond, it being the sum above-mentioned, with interest from said sale to said final settlement, it being $119, and rendered a decree therefor to the creditors of said Whitlock against plaintiff. Yet said defendant, although he has had notice of the above facts, has not paid to the plaintiff the amount for which he has been charged in consequence of said sale, nor has he indemnified him, though requested so to do ; nor did the said Wm. Brandon in his lifetime, nor his personal representatives since his death, nor this defendant, paid plaintiff said sums, or any part thereof," &c.

A demurrer, specifying the grounds of it, was filed to the complaint, and sustained by the court. The plaintiff refused to amend, and judgment was rendered against him ; and he now assigns for error the sustaining of the demurrer.

Collier's Adm'r v. Windham.

Wm. H. Walker, for the appellant, contended that, although the execution was void, yet, as the parties to the bond did not know it, the act of the sheriff was not manifestly illegal; that as the parties in interest waived the trespass, and affirmed the sale, (which they had a right to do, as this court decided in 25 Ala. 543,) it did not lie in the defendant's mouth, at whose special request the plaintiff acted in making the levy, to set up the illegality of the act to avoid liability on his bond. He cited Moore v. Appleton, 26 Ala. 633, and authorities there referred to.

Robinson & Jones, contra, contended that the execution was a nullity (Collingsworth v. Horn, 5 Stew. & P. 237; Holloway v. Johnson, 7 Ala. 660; Henderson v. Gandy's Adm'r, 11 ib. 431; Moore & Cocke v. Bell, 13 ib. 469; Stewart v. Nuckols, 15 ib. 225; Graham v. Chandler, ib. 344), and that the bond of indemnity, being given to induce the sheriff to do an act not authorized by law, was also void, (Renfro v. Heard, 14 Ala. 25; Prewitt v. Garrett, 6 ib. 128.)

RICE, J.—The general rule is, that an execution issued after the death of the defendant therein named, without a revival of the judgment, is a nullity. An exception to this rule obtains, where an *alias* or *pluries* is issued after his death, to continue a lien which has been acquired by a former execution before his death, and which has not been lost by "a chasm" or otherwise.—Fryer v. Dennis, 3 Ala. 254; Henderson v. Gandy, 11 ib. 431; Holloway v. Johnson, 7 ib. 660; Stewart v. Nuckols, 15 ib. 225.

According to the statements of the complaint, the execution under which the plaintiff made the levy and sale, and took the bond here sued on, is not within the exception, but within the general rule. It was not issued to continue a lien, for when it issued there was no lien. It was no more than mere waste paper, and conferred no authority upon the plaintiff. The seizure of the property under it was a trespass, and the sale an unlawful act. The bond was given to induce the plaintiff, as sheriff, to sell the property under this *void* execution, and did induce him so to sell it; and being thus given to induce the sheriff to do an unlawful act, and under a *void* execution,

it is void, and cannot be enforced in a court of justice.—Renfro v. Heard, 14 Ala. 23.

Although doubts may exist whether the right of property is in a judgment debtor, yet, if the process levied on it by the sheriff is *void*, it is not lawful for him to take a bond to indemnify him for its sale under such process ; and if in such case he takes such bond, he acquires no right thereby. " No right can be derived from an unlawful act", in favor of a sheriff who does the unlawful act.—Fambro v. Gantt, 12 Ala. 298.

Judgment affirmed.