## CARTER *vs.* WAUGH AND WIFE, ET ALS.

[PROBATE COURT—SALE OF LANDS.]

1. *Probate court; order for sale of lands.*—Where the petition to the probate court, for a sale of lands, and the action of the court thereupon, is sufficient to give it jurisdiction, the order of sale will not be set aside as void, because errors or irregularities may have intervened.—*Satcher v. Satcher's Adm'r*, 41 Ala. 26, affirmed.

2. *Purchaser; practice.*—As to the right of a purchaser to proceed, by petition, to set aside an order of the probate court for the sale of lands under which he became a purchaser. *Quere?*

APPEAL from the Probate Court of Montgomery county.

THIS was a petition, by John C. Carter, to the probate court of Montgomery county, praying the court to set aside and declare void a decree or order of said court, previously made, for the sale of the lands belonging to the estate of John Beasley, deceased, on the petition of Frances C. Beasley, widow and administratrix of said John Beasley, deceased, who afterwards intermarried with James L. Waugh. The petition of the said administratrix for the sale of the lands, is as follows :

"THE STATE OF ALABAMA, Montgomery County.
*To the Honorable Probate Court of said county :*
The undersigned, administratrix of the estate of John

Beasley, deceased, late of said county, respectfully alleges, that her intestate died, seized and possessed of the following described lands, lying, and being situate in said county, in said State, to-wit" : (here follows a particular description of the lands, which concludes thus :) "the whole tract containing six hundred and twenty-nine acres, more or less." She further says, that the following named persons (they and they alone) are the heirs and distributees of said deceased, viz : "Caroline F. Beasley, widow, of full age ; Fannie Beasley, Mary Beasley, Margaret Beasley, and Florence Beasley, who are minors, under the age of twenty-one years, and all of whom reside in this county." She further alleges, "that a fair, beneficial, and equitable division of said lands among the distributees cannot be made without a sale thereof ; she, therefore, asks your honor to grant, and make an order, authorizing, and empowering her to sell said lands for said purposes.

All of which is respectfully submitted.

(Signed,)        FRANCES C. BEASLEY,
                            Administratrix."

It does not appear that this petition was sworn to, or otherwise verified by affidavit.

The order of the probate court in the case is as follows :
                    "NOVEMBER 17, 1865.

The cause of the petition of Frances C. Beasley, administratrix of the estate of John Beasley, deceased, for the sale of the real estate of said deceased, herein described, coming on for a hearing, and the court being satisfied, by proof, that notice of the filing of petition has been served on the heirs at law of said deceased, mentioned and named in the petition aforesaid, more than ten days since, notifying them of the time and place for the hearing of this petition ; and John A. Campbell, guardian *ad litem* for all the minors named in said petition, coming into open court, denies, in writing, all the allegations contained in the petition, and insists that strict proof be made of the same ; and the administratrix, having heretofore filed in this court, on the 17th October, 1865, interrogatories to be propounded to James L. Waugh and Thomas J. Rowlen, in said cause, and the testimony of the said witnesses regularly taken

and returned by the commissioner, D. P. Lumpkin, heretofore appointed by this court, having been reported to the court, which is ordered to be opened, and filed among the papers of this cause."

"And the court having read the evidence of the witnesses aforesaid submitted, is satisfied from said evidence of the witnesses aforesaid, that a sale of the lands described in the petition is necessary, in order to make an equitable division among the heirs of said deceased."

"It is therefore considered, adjudged and decreed by the court," &c. Here follows the formal decree for the sale of the lands, prescribing notice of the time and place of sale, and the terms upon which the lands would be sold.

Interrogatories propounded to James L. Waugh and Thomas J. Rowlen, and answers to them, purporting to have been made, under oath, are found in the record ; and a commission to David P. Lumpkin to take and certify the deposition of said witnesses; but except from what is stated in the entry aforesaid, there is nothing in the record to show that they were taken and certified by the said commissioner.

The lands were sold to John C. Carter as the highest bidder, and the sale was reported to the probate court and by the court confirmed. Carter went into possession of the land, and upon maturity of the notes given for the purchase-money, he was sued upon them, when he filed his petition to set the sale aside as aforesaid. In his petition, he insists that the order of sale is void, because—

1st. The petition for the order of sale is not verified or sworn to.

2d. That no statutory ground for a sale is alleged in the petition.

3d. That no citation was issued and served on the heirs.

4th. That the guardian *ad litem* did not accept the trust in writing.

5. That the proof by deposition was not regularly or validly taken and returned.

To the petition to set aside the sale, the contestants demurred. The court sustained the demurrer, and dismissed

the petition, and Carter thereupon appealed and assigns for error this action of the probate court.

RICE, SEMPLE and GOLDTHWAITE, for appellant.
STONE, CLOPTON & CLANTON, *contra.*

BYRD, J.—1. The order of sale is not void, if *Satcher v. Kirkland, Adm'r,* 14 Ala. 26, is to stand as authority. It has been on several occasions cited and re-affirmed, and is now again recognized.

It is true, that the depositions appear upon their face to have been irregularly and imperfectly taken and returned to the court of probate, but this does not render the order of sale void. Besides, the order of sale judicially ascertains every matter necessary to show their regularity as against an attack of the kind made in this case.

2. I do not think the petition of appellant and exhibits, show a case which would have authorized the court below to set aside the sale after it had been confirmed by the probate court.

Hence, the demurrer was properly sustained, and the petition dismissed.

We have not thought it necessary to decide whether a purchaser in such a case *as this,* has the right to apply to the probate court to set aside a sale made under it, after the sale has been confirmed. We are *inclined* to the opinion that he has not; but prefer to leave both questions as they now stand, as it is not necessary to say more at this time.

Affirmed.