In re GUARDIANSHIP OF EARLER JACKSON.
JACKSON v. PORTER et al.

No. 11539—Opinion Filed Dec. 13, 1921.

Rehearing Denied Sept. 26, 1922.

(Syllabus.)

Courts—County Courts—Jurisdiction— Setting Aside Guardian Sale After Confirmation and Delivery of Deed.

Section 12, art. 7, of the Constitution provides: "The county court, co-extensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding one thousand dollars, exclusive of interest; provided, that the county court shall not have jurisdiction in any action for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office, or in actions for slander or libel or in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question; nor to order or decree the partition or sale of real estate, not arising under its probate jurisdiction. (Bunn's Ed., sec. 182.)"

Held: (a) That the county courts of this state are without jurisdiction to vacate or set aside a decree of sale, order of confirmation, or guardian's deed after the sale has been completed and a delivery of the guardian's deed executed pursuant to the order of the court confirming such sale.

(b) After such sale has been completed by confirmation and a vestiture of title in the purchaser by delivery of deed, if any matter of equity exists, or should arise, entitling any interested party in the sale to be relieved from such sale, resort must be had in this state to the district court, a court of general equitable jurisdiction.

(c) That an action to vacate such sale after confirmation and delivery of conveyance, is a civil action, and not a probate proceeding.

Miller, J., dissenting.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Petition by Earler Jackson filed in the probate cause In re Guardianship of Earler Jackson in the County Court of Okmulgee County praying for an order of the court vacating and setting aside the decree of sale, order of confirmation, and guardian's deed under which M. E. Porter, as guardian, sold certain lands belonging to the estate of the petitioner to A. L. Watson. Porter and Watson filed motion to dismiss the petition, which was by the county court sustained, and said proceeding was appealed to the district court, and the motion of Porter and Watson to dismiss was again sustained. From the judgment of the district court dismissing the petition, Earler Jackson appeals to this court. Affirmed.

A. L. Emery, for plaintiff in error.

E. M. Carter and Chas. A. Dickson, for defendants in error.

J. B. Diggs, Rush Greenslade, and Wm. C. Liedtke, amici curiae.

KENNAMER, J. Earler Jackson, plaintiff in error, commenced this proceeding in the county court of Okmulgee county against M. E. Porter and A. L. Watson by filing her petition attacking the validity of a guardianship sale made by M. E. Porter, as the legal guardian of the petitioner, wherein the said M. E. Porter, as guardian, conveyed 80 acres of the allotment of the petitioner, who was a Creek freedwoman citizen, enrolled as such opposite roll No. 5218 upon the approved rolls of the members of the Creek Tribe of Indians.

The guardianship deed was executed pursuant to the order of the probate court confirming the sale, and conveyed the lands to A. L. Watson, as purchaser at the guardianship sale. The petitioner attacks the validity of the sale upon numerous grounds, to wit: That the county court was without jurisdiction to order the sale of the real estate; that a proper petition was not filed showing the necessary reasons for the sale; that a hearing on the petition for the sale was not had as required by law; that proper notice of sale was not given; that the court was without jurisdiction to confirm the purported sale; that fraud was practiced by the guardian in colluding and conspiring with the purchaser that the sale be made for the special benefit of the guardian; that the sale of the real estate made is a fraud upon the rights and interests and the title of the petitioner to the real estate. The petitioner prayed the judgment of the court decreeing the sale and order of confirmation be declared null and void, and for order canceling, setting aside, and holding for naught the guardian's deed, for cost, and for such other and further relief as is just, right, and equitable. The petition alleged that the petitioner, according to the enrollment record, became of age on March 19, 1919, the petition being filed in the county court of Okmulgee county, October 27, 1919, being filed about six months subsequent to the petitioner's obtaining her majority, a transcript of the probate proceedings under which the sale was made being attached as exhibits to the petition of the petitioner.

A citation was issued directed to M. E. Porter and A. L. Watson to appear in answer to the petition. Porter and Watson appeared and filed a motion attacking the jurisdiction of the county court of Okmulgee county sitting in probate upon the ground that the court had no jurisdiction over the subject-matter of the action as set forth in the petition. This motion was by the court sustained.

The petitioner, Earler Jackson, appealed from the judgment and decree of the county court dismissing her petition for want of jurisdiction to the district court of Okmulgee county. In the district court on appeal the same motion was presented by Porter and Watson to dismiss the petition for want of jurisdiction, which motion to dismiss was by the district court sustained and the petition of Earler Jackson dismissed for want of

jurisdiction. The petitioner, Earler Jackson, has appealed from the judgment of the district court of Okmulgee county and said cause is here for review. The petitioner, Earler Jackson, will be referred to as appellant; the respondents, M. E. Porter and A. L. Watson, will be referred to as appellees.

Numerous assignments of error are presented in the petition in error, but there is but one single question presented to this court for decision, and that is, Did the county court of Okmulgee county have jurisdiction of the proceedings, or was it vested with jurisdiction to grant the relief prayed for in the petition of the appellant? Section 11, art. 7, of the Constitution of Oklahoma, provides: "There is hereby established in each county in this state a county court, which shall be a court of record. * * *" Section 12, art. 7, of the Constitution provides:

"The county court, co-extensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding one thousand dollars, exclusive of interest; provided, that the county court shall not have jurisdiction in any action for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office or in actions for slander or libel. or in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question: nor to order or decree the partition or sale of real estate, not arising under its probate jurisdiction. (Bunn's Ed., sec. 182.)"

The remainder of section 12, not herein set out, vested the county court, with appellate jurisdiction on appeal from judgment of justices of the peace in civil and criminal cases as might be provided by law or in the Constitution.

Probate courts, orphans' courts, and courts of similar jurisdiction are judicial tribunals that are said to be the offspring of the common law and are usually classed as courts of limited jurisdiction, but, as a rule, under the trend of modern decisions, such courts in the exercise of their probate jurisdiction are classed as courts of general jurisdiction; but the extent of the power and jurisdiction of probate courts depends upon the constitutional and statutory grant of power. The jurisdiction and authority of such courts are dependent in each particular state upon the constitutional and statutory provisions of the respective states. 15 C. J. 11011 and 11012.

It is clear from an examination of the record in this case that the subject of the action was to determine the title to that part of the allotment of the appellant which had been sold through a probate proceeding by her guardian to the appellee Watson. The petitioner sought, under the allegations of her petition, to have the title to the lands in controversy of the appellee Watson decreed invalid. This was not a probate proceeding, but was in the nature of a civil action to quiet the petitioner's title to the lands described in her petition. The petition did not invoke the probate jurisdiction of the court. It was not a proceeding asking for the appointment of a guardian, the removal of a guardian, directing the guardian to make an accounting, appointment of an administrator or executor, probation of a will, or in any manner invoking the probate jurisdiction of the court on a probate matter. Under the provisions of section 12, art. 7, of the Constitution, supra, in plain and unambiguous language, jurisdiction is specifically withheld from the county court to determine any action or any matter wherein the title or boundaries to land may be in dispute or called in question. We have carefully examined the briefs filed herein by able counsel, and in addition made an independent investigation, in vain to find any authority where a probate court is vested with jurisdiction to cancel a deed or conveyance of real estate executed pursuant to an order of confirmation and delivered to the purchaser. The general rule, as stated in 15 C. J., par. 428, pg. 1016, is as follows:

"Although the jurisdiction of courts of probate primarily covers personal estate only and does not technically extend to real estate, they have certain powers in regard to real estate, and may order the sale of land to pay debts, or legacies, or to satisfy a mortgage lien or other incumbrance, or partition land according to the will, where no question of title is to be tried. A probate court may set apart the homestead, since this does not change, transfer, or adjudicate upon the title, but the effect of such setting apart is to relieve the property from administration, and hence the court has no jurisdiction over the homestead thereafter. Such courts may also determine questions which affect rights of devisees, where the title to the real estate so affected is not put in issue."

The Supreme Court of Tennessee, in the case of Young v. Shumate, Ex'r, et al., 3 Sneed, 369, said:

"The jurisdiction of the county court, under the laws authorizing the sale by that tribunal of the estates of decedents, for partition, etc., is limited to the making and completion of the sale alone. After such sale has been completed, by confirmation of the report and vestiture of title in the purchaser, if any matter of equity exists, or should arise, entitling the purchaser to be relieved against the payment of the consideration money, resort must be had to a court of equity."

Other cases to the same effect are Bond v. Clay, 2 Head (Tenn.) 380; Porter v. Woodward, 4 Coldwell (Tenn.) 599; Davis v. Stewart, Adm., 4 Tex. 233; Lindsay v. Jaffray et al., 55 Tex. 626.

In the case of Lindekugal v. Probate Court of Sibley County et al., 22 N. W. 10, the Supreme Court of Minnesota held that, when sale proceedings have culminated in an order confirming the sale and directing the execution of deed, in a proceeding attacking the validity of the title conveyed under the sale the probate court was without jurisdiction to entertain the proceedings, as it involved title to the property, although probate courts in the state of Minnesota were vested with general and exclusive jurisdiction in probate matters. The rule announced in this case was approved by the same court in the case of Wilson v. Erickson, 180 N. W. 93.

The decisive question in this case appears to us to have been settled by this court in a few well-considered decisions.

In the case of Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 Pac. 173, this court held that the petitioner, Willie Berryhill, was not entitled to have the order confirming an oil and gas lease made by his guardian vacated or modified, for the reason the effect of the same would be to cancel and modify the lease executed in pursuance of the order of confirmation and that the county court, sitting as a court of probate, had no such jurisdiction.

In the case of Austin et al. v. Chambers et al., 33 Okla. 40, 124 Pac. 310, this court held:

"The district courts of the state have jurisdiction of actions in ejectment and of actions to remove cloud from title; and the county courts of the state have no jurisdiction of such actions, for the reason that they call into question or dispute title to real estate."

In the case of In re Johnson et al. (Twin State Oil Co. v. Johnson et al.), 72 Oklahoma, 179 Pac. 605, the doctrine announced in the case of Ozark Oil Co. v. Berryhill, supra, was affirmed, and in a very able opinion by Hardy, C. J., it was held:

"It is generally held that probate courts, in the absence of statutory provisions conferring that authority, do not possess the power to set aside a judgment or decree confirming a sale of property of the estate of a minor or deceased person after the expiration of the term at which it was rendered, or after conveyances have been executed and the consideration therefor paid; and that if any equitable grounds exist, whereby the purchaser ought to be relieved from paying the amount of his bid, or by reason of which he would be entitled to have the sale set aside and recover the money paid, such relief may be obtained in a court exercising equitable jurisdiction. State v. Probate Court, 33 Minn. 94, 22 N. W. 10; Davis v. Stewart, Adm'r, 4 Tex. 223; Young v. Shumate, 3 Sneed (Tenn.) 369; Evans v. Singletary, 63 N. C. 205; State v. Second Jud. Dist. Court, 24 Mont. 1, 60 Pac. 489; 2 Woerner's Am. Law Adm'r, 1159. See, also, Succession of Joseph Anger, 38 La. Ann. 492; Carter v. Waugh et ux., 42 Ala. 452."

The petition filed by the appellant in this cause shows that the petitioner had, prior to the institution of this proceeding and the filing of his petition, attained her majority. Section 3339 of the Revised Laws of 1910 provides:

"The power of a guardian appointed by court is suspended only: First. By order of the court. Second. If the appointment was made solely because of the ward's minority, by his obtaining majority. Third. The guardianship over the person only of the ward, by the marriage of the ward."

Clearly, under the provisions of the above statute, the probate jurisdiction of the probate court of Okmulgee county, after the petitioner had attained her majority, had terminated, and the only probate jurisdiction which the county court of Okmulgee county was vested with and retained was authority to require a final accounting by the guardian and enter a discharge of the guardianship proceedings. 21 Cyc. 50; In re Kincaid's Estate (Cal.) 52 Pac. 492; Jones v. Jones, 91 Ind. 378; State v. Horton (Mo.) 74 S. W. 1117.

The appellant contends that if the county court, exercising its probate jurisdiction, is without authority to hear and determine this proceeding, the appellant is without a remedy and has been deprived of her property without due process of law. There is no merit in this contention. If the proceedings are absolutely void, the appel-

lant may maintain an ejectment action in the district court for possession of the premises, and, if the appellee pleads her title by reason of the probate sale, and it appears that the contention of the appellant is true that the title is void, the appellant has the right to attack the same in such an action for the reason that a void sale is subject to a collateral attack; but if the sale is merely voidable and the appellant is entitled to the recovery of the lands upon equitable grounds, the district courts of this state are vested with jurisdiction, being courts of general equitable jurisdiction, to grant the appellant such relief as she may be entitled to under the facts as they appear from the evidence. In the case of In re Johnson et al., supra, this court held:

"The jurisdiction to cancel orders and judgments of the county courts of this state, fraudulently obtained, is possessed by the district and superior courts, which are courts of general jurisdiction, possessing inherent powers of a court of equity. Leonard v. Childers, 67 Okla. 222, 170 Pac. 249; Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Johnson v. Filtsch, 37 Okla. 510, 138 Pac. 165; Elrod v. Adair, 54 Okla. 207, 153 Pac. 660."

The appellant contends that this proceeding is authorized under sections 5267 to 5275, inclusive, of the Revised Laws of Oklahoma, and said statutes confer upon the probate court authority to entertain this proceeding. It is true, the Supreme Court of the state of Kansas has held that the provisions of their Code of Civil Procedure providing the manner and time in which the district courts of that state have power to vacate or modify their own judgments or orders at or after the terms at which such judgments or orders were entered, under a provision of the Code making such provisions of the Code applicable to all of the courts of record in the state—that the provisions of its Code governing the procedure for the vacation and modification of judgments and orders are applicable to probate courts, the same being courts of record. Wolfley v. McPherson (Kan.) 59 Pac. 1054; Commercial State Bank v. Ross (Kan.) 133 Pac. 538; In re Osborn Estate (Kan.) 161 Pac. 601. And this court, in the case of Ozark Oil Co. v. Berryhill, supra, held:

"It is unquestionably the law that the county courts of this state have full control and jurisdiction of all probate matters, and may, at any time prior to the majority of any minor whose estate is involved in any proceeding pending in said court, upon proper notice and for legal grounds, modify or vacate any order or judgment made by said court in the interest of said minor."

And in Re Hickory's Guardianship, 75 Okla. 75, 182 Pac. 233, this court held:

"In a sale of real estate, prior to passing of title by guardian to a purchaser, all judgments and orders made in reference thereto sleep in the bosom of the court, and may, upon proper notice, and for sufficient reasons, be modified, vacated or set aside until title passes."

So we conclude, that even in the absence of statutory authority, the county courts, in the exercise of their probate jurisdiction, have the authority to modify an order or decree, under the general rule that courts of general jurisdiction have inherent power to correct their judgments, orders, and decrees upon the proper showing; but this authority and power is qualified in this state by section 12, article 7, of the Constitution, denying the county courts of this state jurisdiction to entertain proceedings involving the title to real estate.

Section 5275 of the Revised Laws of 1910 provides as follows:

"The provisions of this article shall apply to all the courts of record of the state, so far as the same may be applicable to the judgments or final orders of such courts."

Under said section, supra, art. 25, c. 60, of the Civil Code of Procedure is only made to apply to all of the courts of record of the state in so far as the same are applicable to proceedings to vacate or modify the judgments and orders of such courts, and can only be invoked or relied upon to justify a proceeding where, under the provisions of the various sections of article 25, c. 60, the same are applicable; but unquestionably there cannot be anything found in said article to extend or change in any way the limitations placed upon the jurisdiction of the county courts of this state by the Constitution.

Sections 5267 to 5275, inclusive, of art. 25, c. 60, of said Civil Code were by section 5267 made specifically applicable to the district courts, providing for the review, vacation, and modification of their judgments, orders and decrees. Superior courts having been created in this state, which were vested with civil and criminal jurisdiction, and the county courts in this state being courts of record exercising general probate jurisdiction and limited civil and criminal jurisdiction by section 5275, supra, the provisions of article

25, c. 60, were made to apply to all of the courts of record of the state in so far as the same may be applicable to the judgments or the final orders of such courts; but nowhere under the provisions of said article 25, c. 60, of said Code may be found any authority vesting the probate courts of this state with jurisdiction to try civil actions wherein the title to real property may be called in question, or is involved, but, as was held in Re Hickory's Guardianship, 75 Okla. 75, 182 Pac. 233, the probate courts of this state, prior to the passing of title by guardian to purchaser, have jurisdiction, upon proper notice, to modify or vacate their orders and decrees when sufficient reasons exist, and this jurisdiction is not altogether dependent upon any statutory provisions, but is an inherent power vested in all courts of general jurisdiction.

The Supreme Court of the state of Ohio, in the case of Johnson, Executor, et al. v. Johnson et al., 26 Ohio St. 357, held that similar provisions of the Ohio Code as those found in article 25, c. 60, of the Code of Oklahoma had no application to probate procedure, but were only applicable to the other courts of the state other than the court of common pleas or district court exercising civil jurisdiction, and it appears that the provisions of our Code found in article 25, c. 60, would be peculiarly applicable to all of the courts of record in this state exercising civil jurisdiction, but, as was held by the Supreme Court of Kansas, the provisions found in said article 25, c. 60, may in some instances be applicable in a probate proceeding and operate as a limitation as to the time within which application for the modification or vacation of judgments or orders may be made, but under no method or rule of construction may the same be made to vest the probate courts with jurisdiction to try an action or proceeding where the title to real property may be involved or called in question.

In a guardianship sale, made pursuant to a decree of the probate court, upon the execution and delivery of the guardian's deed title passes to the purchaser at the sale. The title does not pass upon the confirmation of the sale, but only after the execution and delivery of the deed. 21 Cyc. 139; Scarf v. Aldrich (Cal.) 32 Pac. 324; Doe v. Jackson, 51 Ala. 514; Wade v. Carpenter, 4 Iowa, 361; Richmond v. Gray, 3 Allen (Mass.) 25.

The fundamental error in the contention of the appellant in this cause is the failure to observe the distinction between a civil action and a probate proceeding Section 4644, Revised Laws of 1910, defines "action" as follows:

"An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

Section 4645, Revised Laws of 1910, defines a special proceeding to be:

"Every other remedy is a special proceeding."

Section 4646, Revised Laws of 1910 classes actions as follows:

"Actions are of two kinds: First, civil; second, criminal."

Section 4647, Revised Laws of 1910, defines a criminal action, and 4648, Revised Laws of 1910, provides that:

"Every other is a civil action."

A probate proceeding has been defined as follows:

"A 'probate proceeding' is one to contest the validity, as a will, of a paper which had been admitted to probate as such, as much as a proceeding instituted to have a paper probated as a will. Franks v. Chapman, 61 Tex. 576, 579.

"The term 'proceeding' is used in the Probate Code as a general designation of the actions and proceedings whereby the law is administered upon the various subjects within probate jurisdiction. Words and Phrases, p. 5637."

It is obvious from a reading of the above sections of our statutes that there exist in this state only two kinds of actions, a civil and a criminal, and every other proceeding is by the statute designated a special proceeding; therefore, there is no escape from the conclusion that the petition in the case at bar states a civil cause of action, and being a civil cause of action involving title to real estate, the probate court in the exercise of its probate jurisdiction is without jurisdiction to entertain the action.

The Supreme Court of California, in the case of Smith et al. v. Westerfield et al., 26 Pac. 206, in construing a statute identical with section 4644, Revised Laws of 1910, supra, held a proceeding to determine heirship to be a special proceeding authorized under section 1664, of

the Code of Civil Procedure of California. and that the superior courts of California were courts of general jurisdiction in probate matters, but in the exercise of their probate jurisdiction had only such powers as were given by statute; the language of the court in the case being as follows:

"The superior court, while sitting as a court of probate, has only such powers as are given it by statute, and such incidental powers as pertain to all courts for the purpose of enabling them to exercise the jurisdiction which is conferred upon them. Although it is a court of general jurisdiction, yet in the exercise of these powers its jurisdiction is limited and special; and whenever its acts are shown to have been in excess of the power conferred upon it, or without the limits of this special jurisdiction, such acts are nugatory, and have no binding effect, even upon those who have invoked its authority, or submitted to its decision."

There is no controversy in this jurisdiction as to the county courts of this state being courts of limited civil jurisdiction under the Constitution, and when an action is commenced in a county court of this state which, according to the pleading filed and the relief sought by the pleading, is under section 4644, Revised Laws of 1910, supra, an ordinary civil action, the jurisdiction of the county court to determine the action must be determined under section 12, art. 7, of the Constitution of this state.

Counsel for the appellant insist that this proceeding is authorized under section 6583, Revised Laws of 1910, which is as follows:

"No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof."

It appears that the said section, supra, was taken from the Dakota statute, and we have been unable to find any decision construing said section, but the section is identical with section 1806 of the Probate Code of California, and the Supreme Court of California has construed section 1806 to be only an ordinary statute of limitation. Reed et al. v. Ring et al. (Cal.) 28 Pac. 851, 853; McNeil v. First Congregational Society of San Francisco

(Cal.) 4 Pac. 1096, 1100; Burroughs et al. v. DeCounts, Ex'c, et al. (Cal.) 11 Pac. 734, 739.

It is plain that section 6583, Revised Laws of 1910 in no way affects or extends the jurisdiction of the county courts of this state, but only was intended to operate as a statute of limitation.

It is now clear that after the appellee Watson was delivered a guardian's deed, as directed by the court under his order of confirmation of the sale by Porter, the guardian of the appellant, in such an action as the one in the case at bar, wherein the appellant after attaining her majority seeks to vacate the order and confirmation of sale, and the cancellation of the guardian's deed, the only substantial question involved in the controversy is the validity of the title such as was obtained by Watson under the terms of the probate sale, and such an action in all respects amounts to nothing more nor less than an action to quiet the title of the appellant in the premises in the probate court, which court was specifically denied such jurisdiction by the Constitution. Having reached this conclusion, the judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and JOHNSON, McNEILL, ELTING, and NICHOLSON, JJ., concur. MILLER, J. dissents.

---

MILLER, J. (dissenting). I dissent from the majority opinion of the court. The majority opinion proceeds upon the theory that by filing the petition in the county court of Okmulgee county to vacate the judgment. Earler Jackson was attempting to invoke the civil jurisdiction of the county court; that by filing the petition she was commencing a civil action. This conclusion seems to be reached because in the prayer of the petition she asked to cancel the deed and asked that she have such relief as she might in equity be entitled to. It has been repeatedly held by the courts that the prayer of the petition is not a part of it. Excepting for the prayer of the petition it attacks the judgment on jurisdictional grounds and the ground of fraud, and clearly states facts which, if true, would render void the judgment of the probate court confirming the sale of the real estate in question.

This was not a civil action brought in the county court of Okmulgee county. The petition was styled: "In the Matter of the Guardianship of Earler Jackson, a Minor,

No. 1744." A citation was issued as provided for in probate proceedings.

Revised Laws of Oklahoma of 1910 provides:

Section 6492. "Citations must be directed to the person to be cited, signed by the judge, and issued under the seal of the court, and must contain: First. The chapter (caption) of the proceeding. Second. A brief statement of the nature of the proceeding. Third. A direction that the person cited appear at a time and place specified."

Section 6493. "The citation must be served in the same manner as a summons in a civil action."

Section 6494. "When a personal notice is required, and no mode giving it is prescribed in this chapter, it must be given by citation."

Section 6495. "When no other time is specifically prescribed in this chapter, citations must be served at least five days before the return day thereof."

This was a proceeding brought in the court of original jurisdiction raising issues of fact to be tried. The object of the proceeding was to vacate a judgment rendered by that court.

Section 6497. "All issues of facts joined in the county court must be tried by said court, and in all such proceedings, the party affirming is plaintiff, and the one denying or avoiding is defendant. After the hearing, the court shall give in writing the findings of fact and conclusions of law, and judgments thereon, as well as for costs, may be entered and enforced by execution or otherwise, by the county court, as in civil actions. If the issues are not sufficiently made up by the written pleadings on file, the court, on due notice to the opposite party, must settle and frame the issues to be tried, and upon which the court may render judgment."

Section 6499. "When a judgment or decree is made, setting apart and defining the homestead, confirming a sale, making distribution of real property, or determining any other matter affecting the title to real property, a certified copy of the same must be recorded in the office of the register of deeds of the county in which the real property is situated."

By this petition the plaintiff in error seeks to make a direct attack upon the judgment decreeing the sale of her lands and in the court of original jurisdiction where the judgment was rendered.

Under the state of facts, the only question left for consideration is, Did the county court of Okmulgee county, in the exercise of its probate jurisdiction, have a right to hear and determine this proceeding, and

was it a direct attack upon its former judgment and decree?

Section 6, art. 2, of the Constitution of Oklahoma, in our Bill of Rights, reads:

"The courts of justice of the state shall be open to every person and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay or prejudice."

Van Fleet, in his work on Collateral Attack, in section 2, says:

"A direct attack on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law. Illustration —A motion for a new trial or for a venire de novo; a motion in the cause to vacate, modify or correct the judgment according to the statute or the practice of the court; appeals; writs of error, certiorari, audita querela and prohibition; petitions for rehearing and bills of review; bills in equity or complaints and petitions under the Codes to set aside, vacate, modify or correct judgments for fraud, accident, mistake, or excusable neglect, are some of the modes provided by law for avoiding or correcting judgments, and are direct attacks with which this work has nothing to do.

"A late case in Indiana says: 'Whatever the form of the proceeding may be by which a party to a judgment is seeking to review it, or to obtain relief therefrom, if the proceeding is one for which provisions are made by statute, and the statutory method is being pursued, that is a direct attack. It also says that a bill in equity to set aside a judgment for fraud or mistake is, as a general rule, a direct attack.

"'A direct attack upon a judgment is by appropriate proceedings between the parties to it seeking, for sufficient cause alleged, to have it annulled, reversed, vacated or declared void.'

"A late case in Texas holds that a proceeding by heirs to set aside a judgment against their ancestor, in the court where it was rendered, is a direct and not a collateral attack. It is said that, if they had attempted to treat the judgment as a nullity on presentation to the probate court for allowance, that would have been collateral."

The same author, in defining collateral attack in section 3, says:

"A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner not provided by law. As there are only two ways to attack a judicial proceeding, direct and collateral, it is

obvious that this definition complements the one in the last section, and they are both self-evident. Any proceeding provided by law for the purpose of avoiding or correcting a judgment, is a direct attack, which will be successful upon showing the error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be successful only upon showing a want of power."

15 R. C. L., page 839, sec. 312, reads:

"A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of the same in a proceeding instituted for that purpose. In general any statutory method for the purpose of avoiding or correcting a judgment is a direct attack, and it is usually held that a motion to open or vacate a judgment is a direct attack thereon, though it has been contended by some writers that such a motion unless made during the term or within some time specified in a statute authorizing it, should be supported only by the record, and therefore should be regarded as a collateral rather than a direct attack. A proceeding by audita querela to set a judgment aside constitutes a direct attack, as do proceedings by writ of error, appeal, or certiorari. Other methods of direct attack are by filing of motion in the court in which the judgment has been entered to amend, or arrest of such judgment. An attack by habeas corpus on the validity of the judgment under which the petitioner is imprisoned has also been held to be a direct attack, though there are decisions to the effect that habeas corpus is a collateral remedy, and subject to the limitations common to collateral proceedings, since this writ involves an examination of evidence dehors the record. It has been held that one who purchases, of the owner, property which has been sold upon an execution issued under a void judgment has a right, in an action to quiet title, to attack the judgment on the ground of lack of jurisdiction in the court rendering it, and such attack is a direct and not a collateral one."

On the question of courts reviewing, vacating, or modifying their own judgments, Revised Laws of Oklahoma, 1910, provides in part as follows:

Section 5267. "The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made * * * Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order. * * * Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age as prescribed in section 5142."

Section 5142. "It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age: but in any case in which, but for this section, such reservation would have been proper, the infant within the year, after arriving at the age of twenty-one years, may show cause against such order or judgment."

Section 5268. "The proceeding to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

Section 5269. "The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine of the second preceding section, shall be by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

Section 5275. "The provisions of this article shall apply to all the courts of record of the state, so far as the same may be applicable to the judgments or final orders of such courts."

Article 7 of the Constitution of Oklahoma provides in part as follows:

Section 11. "There is hereby established in each county in the state a county court, which shall be a court of record. * * *"

Section 12. "The county court, co-extensive with the county, shall have original jurisdiction in all probate matters. * * *"

Section 13. "The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration, settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the sale, settlement, partition, and distribution of the estates thereof."

In re Johnson et al. (Twin State Oil Co. v. Johnson) 72 Oklahoma, 179 Pac. 605, this court said in paragraph one of the syllabus:

"County courts in this state have full control and jurisdiction of all probate matters, and may at any time prior to the majority of a minor whose estate is involved in any proceeding in said courts, upon proper notice and for sufficient legal

grounds, modify or vacate any order or judgment made by said court in said proceeding."

In that case the wards were still minors at the time the Twin State Oil Company instituted its proceedings to recover its money in the probate court, and the syllabus was announced in conformity with the facts in the case. The syllabus does not purport to say that after a ward reaches his majority the county court loses all jurisdiction to modify or vacate any orders or judgments made by said court in said proceeding. That would have been in direct conflict with the statutes we have heretofore quoted.

While she remained a minor, she could not act independently of a next friend or her guardian. If her guardian was in collusion with some one to deprive her of her property, he, of course, would not act. The result would be to say to the minor: "You cannot bring a direct attack upon the orders or judgments of the county (probate) court while you are a minor, because of your lack of capacity to institute the proceedings. The minute you are of age, the only court where you can bring a direct attack loses jurisdiction" It is unfortunate for the minor if this is the law. See section 5142, supra.

The Twin State Oil Company Case, supra, is one relied upon by defendants in error, and upon the authority of which the district court sustained the motion to dismiss. When analyzed it has no application, except as to the first paragraph of the syllabus, and that paragraph sustains the contentions of the plaintiff in error. This court held the Twin State Oil Company's remedy was to go into a court of equity to recover the money it had paid for the oil and gas lease. The Twin State Oil Company had purchased an oil and gas lease from Joseph T. Johnson, as guardian of Callie M. Johnson, and John W. Johnson, minors, and paid $1,600 therefor. The oil company then filed its petition in the guardianship proceedings in the probate court and asked the court to compel Joseph T. Johnson, as guardian, to refund this money to it because there was already a valid and subsisting oil and gas lease on said tract of land; alleging that Joseph T. Johnson, as guardian, had fraudulently represented to the Twin State Oil Company that this prior lease was subject to cancellation for failure to pay the rentals thereon. They alleged in their petition that the prior lease was not subject to cancellation, was not void, and was a valid and subsisting lease.

The grounds of attack by the Twin State Oil Company amounted to an action to recover for failure to consideration. The failure of consideration depended upon the validity of the prior lease, not the lease executed by Joseph T. Johnson under the orders of the probate court in the guardianship proceeding. That was a question to try title to real estate, and not a title involved in any orders or proceedings had in the probate court. The Twin State Oil Company's right to recover the money did not depend upon any orders made by the probate court in said guardianship proceeding. If it could recover at all, it must recover on the ground that the prior lease was a valid and subsisting lease. The only court that could try this question was the district court of Nowata county. The opinion of Hardy, C. J., in said Twin State Oil Company Case was, under the facts, correct.

The other case relied upon by defendants in error and by the district court in sustaining the motion is Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 Pac. 173. In that case the court said:

"The question presented for our determination is: Was the proceeding had in the county court one in probate under the jurisdiction of the probate court? If it was, then this court would have no jurisdiction to review the judgment of the county court in said matter. Under the provisions of the Constitution, an appeal to review judgments and orders in probate matters could only be prosecuted to the district court. On the other hand, if this was not a probate proceeding, but was an ordinary action instituted for the purpose of canceling the lease in question, then the county court was without jurisdiction, and although the judgment or order may be void, yet an appeal will lie to this court for the purpose of causing said judgment to be vacated. It is unquestionably the law that the county courts of this state have full control and jurisdiction of all probate matters, and may at any time prior to the majority of any minor, whose estate is involved in any proceeding pending in said court, upon proper notice and for legal grounds, modify or vacate any order or judgment made by said court in the interest of said minor. It will be noted that the petition filed in the county court in this matter was filed by William Berryhill after he became of age. His guardian was not a party to said proceeding. In his petition in said court he alleged certain reasons why the lease contract should not have been entered into by and between his guardian and plaintiff in error, and prayed that

the same should be modified or canceled. Over objection of plaintiff in error, a trial was had to the court, resulting in a judgment modifying and in effect canceling said lease contract. From an examination of the case-made herein, it appears that a regular trial was had in the county court under such pleadings as would ordinarily be filed in the district court for the purpose of canceling an instrument. It must be remembered that the county court is a court of limited jurisdiction, and has only such jurisdiction as is conferred upon it by the Constitution and laws of this state. * * * We are of the opinion that the proceeding instituted in the county court was not a probate proceeding, as contemplated by the statutes and laws of this state, and that the county court had no jurisdiction to entertain said proceeding and to render the judgment which it did render, and that said proceeding and judgment are void."

It is clear that this was not treated as a probate matter, but as an action invoking the civil jurisdiction of the county court, and the civil jurisdiction of the county court did not extend to the cancellation of oil and gas leases; therefore, this case had no application.

If the judgment of the county court confirming the sale of real estate had reserved in it the right of the minor to show cause against the judgment, that it was void for want of jurisdiction or fraud, at any time within one year after arriving at full age, then there would be no question but that the minor could attack the validity of this judgment by a petition to vacate it within the specified time.

Section 5142, supra, entered into the judgment of the probate court as fully and to the same extent as though it had been written therein. For convenience in referring to it we quote that section again:

"It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment."

Article 25 of chapter 60, Revised Laws of 1910, is the article which provides for vacating judgments. Section 5275 of this article says:

"The provisions of this article shall apply to all the courts of record of the state, so far as the same may be applicable to the judgments or final orders of such courts."

As has heretofore been pointed out, under the Constitution of Oklahoma the county courts are courts of record, therefore section 5275 applies to judgments of the kind sought to be vacated by the petition of plaintiff in error.

It is argued that this is an attempt to try the title to real estate in the county court, which is expressly prohibited by section 12, article 7, of the Constitution. That part of the section applicable reads:

"Provided, That the county court shall not have jurisdiction * * * in any matter wherein the title or boundaries of land may be in dispute or called in question; nor to order or decree the partition or sale of real estate, not arising under its probate jurisdiction."

In the petition to vacate the judgment, neither the title nor boundaries of land are in dispute or called in question. The question before the court is the validity of the judgment. If the district court should render a judgment foreclosing a mortgage on real estate, and decree sale of the property, the sheriff make the sale, it be confirmed by the court, and thereafter the defendant against whom the mortgage was foreclosed should come into that court by motion or petition to vacate the judgment on the ground that no service was had upon him and the court was without jurisdiction to adjudge a foreclosure of the mortgage, it would not be contended that the title or boundaries of the land were in dispute or called in question. The only thing before the court would be, Did the court have jurisdiction of the parties so it could legally hear and determine the action and render a valid judgment? If the court found the defendants had not been served, and it did not have jurisdiction of the parties, the judgment would be void and should be vacated. The effect of vacating the judgment of foreclosure may be to leave the purchaser at the execution sale without title, but his title was not in dispute or called in question in the proceeding to vacate the judgment. His title was secure, and could not be disputed or questioned so long as the judgment stood. The judgment was a barrier to protect that title. When that barrier was swept away by the order of the court vacating the judgment, then and not until then could an attack be made on the title. What is in dispute or called in question in any action or proceeding is quite different from what will be the effect of the decision or judgment of the court. The Constitution, in the above quoted section, is dealing with what is in dispute or called in question in an action, and not what will be the effect of the judgment or order of

the court. We may be safe in saying that a court never does know the ultimate and full effect of its judgments. If it were to be concerned with the effect, its considerations would extend into eternity.

What if the probate court does set aside the judgment in this case, and by reason thereof the title of the purchaser at the guardian's sale fails? It was the order of this court that created all the title that was vested in the purchaser. If the court is vested with jurisdiction to make an order that creates a title, it would surely not exceed that vested jurisdiction if it set aside the order so made, even if by so doing the effect were to destroy or annul the title it had created.