**STREET v. SADDLER et al.**

No. 26763.    Oct. 19, 1937.

P. A. Chappelle, for plaintiff in error.

W. A. Chase, for defendants in error.

RILEY, J. Plaintiff in error, as plaintiff below, commenced this action January 3, 1934, to recover rents and profits arising from certain real estate. Plaintiff alleged herself to be a daughter and heir of E. I. Saddler who died intestate in Tulsa county, February 9, 1929. It was alleged by plaintiff that title to the property in question stood in the name of the defendants, daughters of E. I. Saddler, Juanita J. Saddler, and Ruby S. Scott, but in fact that Saddler, at the time of his death, was beneficial owner of the property, and that the property was held in trust by said daughters for the father. It was alleged that upon the death of E. I. Saddler the property descended in part to plaintiff. A receiver was sought to collect rents and profits.

The defendants filed an answer and cross-petition. They admitted certain facts, but denied that plaintiff was the daughter of deceased, E. I. Saddler, or that she was in any manner entitled to a distributive share of the estate.

It was specifically denied that deceased, Saddler, owned or exercised any control or ownership over the property at the time of his death. The defendant daughters affirmatively pleaded peaceful possession of and title to the property in question. By their cross-petition they sought a decree quieting title in them.

Plaintiff introduced in evidence a decree of heirship dated the 29th day of August, 1930, and issued out of the county court

within and for Tulsa County, Okla.. wherein it was decreed that the heirs of E. 1. Saddler were Frances L. Saddler, widow, Eugenia I. Street, daughter, Ruby S. Scott, daughter, and Juanita I. Saddler, daughter. The decree described the property in controversy and distributed one-third of the property to the widow and two-ninths to each of the parties found to be daughters.

At the close of all the testimony defendants entered their demurrer thereto, which was by the court overruled, whereupon defendants moved to strike from the evidence the certified copy of the decree of heirship theretofore introduced. This motion was overruled. A formal order was entered. This order overruling the motion to strike purports to have been made on the 3rd day of May, 1934. It appears to have been filed on the 15th day of January, 1935. Thereafter the cause in the district court was continued.

It was the contention of the defendants that the decree of heirship of August 29, 1930, was null and void, whereas, plaintiff contends that the decree was in all respects regular, final, and binding.

Thereafter, the defendants filed in the county court a motion to vacate the decree of heirship on the grounds of fraud and lack of proper notice. The plaintiff and defendants, through their attorneys, appeared in the county court, and the matter was heard on January 17, 1935, and continued and on the 28th day of January, 1935, the county court rendered a judgment vacating the decree of heirship.

The county court specifically found that the original decree was made and entered without due and legal notice to the interested parties; that F. L. Saddler, Ruby S. Scott, 'and Juanita I. Saddler were entirely without notice and the original decree was void.

Thereafter the cause was reset in the district court and the plaintiff sought to put on further evidence as to the condition of the property, but she was restricted to testimony as bearing on her paternity and right to maintain the action.

The plaintiff relied solely and wholly upon the original decree of heirship of the date of August 29, 1930. The defendants offered in evidence the motion to vacate and the order vacating this decree of heirship, and the district court found that the plaintiff was not an heir; that she had no right to maintain the action, and judgment was entered dismissing her cause of action and rendering judgment against her on the answer and cross-petition of defendants quieting title in them to the property in question. Motion for new trial was filed and overruled, and the cause is presented in this court by a transcript.

The plaintiff has set out a number of assignments of error, but contents herself with raising one question, and that is: Did the county court of Tulsa county have jurisdiction to make and enter the order of January 25, 1935, vacating the decree of heirship theretofore made on the 29th day of August, 1930, while the cause of plaintiff was pending and undisposed of in the district court of Tulsa county? .

The plaintiff contends that the county court was without jurisdiction to render the judgment complained of, and relies upon the case of Okfuskey v. Corbin, 170 Okla. 449, 40 P. (2d) 1064, wherein this court held:

"Where a finding of heirship and final decree of distribution made in a probate proceeding in a county court is not appealed from and becomes final, a further finding of the county court made more than three years thereafter purporting to set aside the same and making a different disposition of a portion of the entire estate, is void."

But, as shown in the case relied upon, the fraud therein considered was intrinsic. Moreover, there was no want of notice, but all the parties appeared before the county court in that case. Whereas, in the case at bar it appears that the purported decree of heirship ws made on an ex parte hearing and without proper or legal notice. It also appears that the land distributed did not belong to the Saddler estate, and consequently the county court had no jurisdiction over it.

Nor do we find the decision in Courtney v. Daniel, 124 Okla. 46, 253 P. 990, helpful to plaintiff with the issues here involved. Therein it was said:

"From Elrod v. Adair, 54 Okla, 207, 153 P. 660, to Jackson v. Porter, 87 Okla. 112, 209 P. 430, it is held that the district court has power to vacate and annul orders and judgments of other courts in a proceeding

brought for that purpose for fraud of the parties inducing and entering into such order or judgment, where such fraud is extraneous to the issues involved in the proceedings attacked. One species of such extraneous fraud is that which prevents the other party from having a fair opportunity to present his case, and it is immaterial, when a judgment is attacked on this ground, whether the attack is denominated direct or collateral."

The cited case of Jackson v. Porter, 87 Okla. 112, 109 P. 430, is not decisive for obvious reasons, but see In re Hickory's Guardianship. 75 Okla. 79, 182 P. 233, there in cited and quoted.

The plaintiff contends that the district court has no jurisdiction to vacate the order overruling the motion to strike the purported decree of heirship theretofore introduced in evidence, but we find no merit in this contention, for there was no finality of decision on the merits in the cause pending in the district court. That court had the entire judgment within his bosom during the trial of the case, and until the term expired, it had full and complete jurisdiction to change any ruling made during the trial.

It is our view of the law that a decree of distribution in the absence of fraud and with proper notice, when final, is determinative as to identity of the heirs and their distributive share of the estate. We do not believe that such a decree is conclusive as to property that does not belong to the estate. Evidence is not brought up by this transcript. The defendants contend that, independent of the matters heretofore considered, the records show that the property involved was not owned by the deceased, Saddler, at the time of his death. We must indulge the presumption that evidence before the trial court supported this view.

Upon the whole, we find that the judgment of the district court should be affirmed. It is so ordered.

OSBORN. C. J.. and PHELPS, GIBSON, and DAVISON, JJ.. concur.